ERVIN, Chief Judge.
W.R. and D.H. appeal individual orders of restitution following an adjudication of delinquency for criminal mischief. These cases are consolidated for purposes of the appeal since they arose out of the same incident and involve similar factual and legal issues. Appellants argue that the trial court erred in concluding that the appellants’ mothers possess the financial ability to pay the restitution ordered. We agree and reverse.
On December 22, 1983, a petition was filed charging W.R. and D.H. with burglary of a conveyance, grand theft and criminal mischief. Appellants admitted the criminal mischief charge and the state nolle prossed the other two counts. Appellants admitted in a predisposition report that on December 3, 1983, they and one other individual climbed into a farm combine belonging to Melvin Barber and drove the combine around the cornfields and ultimately into a tree, causing extensive damage to the combine. On February 24, 1984, at a restitution hearing, the trial judge, although finding both mothers indigent, ordered appellants and their mothers to pay $50 per month, plus a $2.00 clerk’s fee ($52.00 per month), until the court no, longer had jurisdiction, or until the insured value of the combine was paid.
Appellants argue that the court erred in concluding that appellants’ mothers possessed the financial ability to make restitution. When restitution is ordered, Section 39.11(l)(a)l, Florida Statutes, mandates that “the amount of restitution shall not be greater than an amount the child and his parents could reasonably be expected to pay or make.” (e.s.) D.H.’s mother is unemployed, supports herself and three children, and receives $231 per month in AFDC[1] and $40 per month from an undisclosed source for support of one of her children. W.R.’s mother is supporting W.R., two younger daughters and an aunt on a monthly salary of $250. She pays $200 per month for rent, $80 for electricity, $15 for telephone service and $50 for furniture rental. W.R.’s natural father was in *858 prison at the time of the hearing. Both W.R. and D.H. are unemployed and are attending school full-time in the Gadsden Vocational Technical School Plumbing Program.
Under these circumstances, the evidence does not support a finding that appellants and their mothers can reasonably be expected to pay $52 per month in restitution.
REVERSED.
MILLS and ZEHMER, JJ., concur.

. Payments received by appellant under the Aid to Families with Dependent Children Program (AFDC) should not be considered by the court in assessing the present financial ability to pay restitution. See M.P. v. State, 443 So.2d 482 (Fla. 2d DCA 1984).