PER CURIAM.
O.L. appeals from an order, issued pursuant to an adjudication of delinquency, which requires that he make restitution in the amount of $300 for damage he caused. The order further provides that the parties are to agree on the payment schedule. We affirm the order insofar as it requires restitution in the amount of $300 but reverse that portion which permits the parties to decide on the manner of payment.
The trial court’s determination that the amount of $300 is not “greater than an amount the child and his parents could reasonably be expected to pay or make” is within its discretion. § 39.-11(1)(a)1, Fla.Stat. (1985). A trial court may not, however, delegate its judicial authority to the parties to determine the amount or manner of restitution. See F.R. v. State, 473 So.2d 785 (Fla. 2d DCA 1985); J.J.S. v. State, 465 So.2d 621 (Fla. 2d DCA 1985); T.W. v. State, 395 So.2d 598 (Fla. 3d DCA 1981). Since the trial court impermis-sibly delegated to the parties the authority to determine the manner of payment, and considering that the amount that O.L. will be required to pay per period has a bearing on the reasonableness of the total restitution scheme, cf. W.R. v. State, 462 So.2d 856 (Fla. 1st DCA 1985) (restitution order which required juvenile delinquents, with parents who earned meager incomes and had numerous dependents and substantial monthly expenses, to each pay $52 per month held unreasonable), we reverse the order insofar as it permits the parties to determine the restitution scheme.
Accordingly, this cause is remanded for further proceedings consistent herewith.