PER CURIAM.
This is an appeal by the respondent D.M. from an adjudication of delinquency for grand theft of an automobile and an order placing the defendant under a term of community control, subject to a condition that the respondent “make monetary restitution [to the victim] in the amount of $988.00; a payment schedule to be agreed upon by all interested] parties.” We affirm the adjudication of delinquency and order placing the respondent under community control, save for that portion of the restitution provision which delegates to “all interested] parties” the responsibility of developing “a payment schedule”; on remand, the trial court itself shall set the payment schedule. O.L. v. State, 497 So.2d 971 (Fla. 3d DCA 1986).
In all other respects, however, we reject the respondent’s attack on the restitution provision. (1) The trial court properly ordered the juvenile to make restitution for, inter alia, the cost of the infant seat and stroller which was stolen from the victim’s automobile at the time the automobile was stolen; contrary to the juvenile’s argument, such damage bore “a significant relationship to the convicted offense,” J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985), and was therefore properly included within the restitution ordered under Section 39.11(l)(f), Florida Statutes (1987). (2) Although the juvenile arguably established that the $988.00 in restitution ordered below was beyond his financial ability to pay, it is absolutely clear that he failed to establish that it was also beyond the financial *150 ability of his parents to pay. This being so, the restitution ordered was not forbidden by Section 39.11(l)(a)(l), Florida Statutes (1987) (“When restitution is ordered by the court, the amount of restitution shall not be greater than an amount the child and his parents could reasonably be expected to pay or make.”) (emphasis added).
Affirmed in part; reversed in part.