PER CURIAM.
This is an appeal by the defendant Sally Wightman from a final order placing her on fifteen-years probation which was entered below upon a guilty plea to the felony of dealing in stolen property. § 812.019(2), Fla.Stat. (1987). The defendant attacks the $88,040.77 in restitution [payable at $400 a month] which she was ordered to make to the victims of the crime herein as a condition of the aforesaid probation. We affirm.
The defendant urges that there was no competent or credible evidence adduced at the sentencing hearing below to support the amount of restitution ordered. In support of this argument, the defendant makes a broad-based series of complaints about the admissibility and quality of the evidence introduced below to prove the identity and value of the stolen property involved in this case. Without addressing in depth each of these points, suffice it to say that the testimony of the defendant’s accomplice, the victim, and a jewelry appraiser below constituted more than ample evidence that the defendant unlawfully received in her house $88,040.77 in stolen property belonging to the victim; this being so, the trial court quite properly assessed this amount of restitution against the defendant. § 775.089(1)(a), Fla.Stat. (1987). See Spivey v. State, 531 So.2d 965 (Fla.1988); J.S.H. v. State, 472 So.2d 737 (Fla.1985); D.M. v. State, 550 So.2d 149, 149 (Fla. 3d DCA 1989).
Affirmed.