WOLF, J.
This is an appeal from a final order directing S.B.L., appellant, to pay restitution following her son’s delinquency adjudication for having committed the offense of burglary of a dwelling. Appellant raises two issues, one of which requires reversal: Whether the trial court violated appellant’s due process rights by ordering her to pay restitution without affording her a meaningful opportunity to be heard at the restitution hearing. We do not reach appellant’s second issue concerning the propriety of the imposition of restitution in light of our decision to remand for a full hearing as to restitution.[1]
A restitution hearing was scheduled for June 10, 1998, after appellant’s son had been adjudicated a delinquent as a result of pleading guilty to the offense of burglary of a dwelling. The only notice that appellant received of the hearing was a witness subpoena served on May 29, 1998. The witness subpoena said it was for a restitution hearing, but gave no indication that appellant would be anything other than a witness at the restitution hearing.
The restitution hearing was held on June 10,1998. Prior to the hearing, appellant was not told that she could be held responsible for restitution to the victim. The appellant was not represented by counsel, and the court at no time informed her of her right to participate in the proceedings, cross examine witnesses, or present evidence. The court heard testimony from the victim which established the loss attributable to the burglary as being $6,175. After accepting this testimony, the trial court questioned appellant as to her income and expenses. The court then entered a written restitution order directing appellant to pay restitution in monthly amounts and stated that the order could be enforced through the court’s contempt powers.
*1133 Section 985.231(l)(a)9., Florida Statutes (1997), addresses the trial court’s authority to impose restitution obligations upon parents for their child’s delinquent offense. As part of the same 1997 changes which created the statute authorizing direct liability on the parent for restitution stemming from the child's delinquent act, the Legislature also enacted new provisions setting forth the purposes and intent of the chapter 985 procedures governing juvenile delinquency proceedings. See § 985.01, Fla. Stat. (1997); ch. 97-238, § 1, at 4212-13, Laws of Fla. In the first of those provisions, the Legislature stated the following purpose of the chapter:
To provide judicial and other procedures to assure due process through which children and other interested parties are assured fair hearings by a respectful and respected court or other tribunal and the recognition, protection, and enforcement of their constitutional and other legal rights, while ensuring that public safety interests and the authority and dignity of the courts are adequately protected.
§ 985.01(l)(a), Fla. Stat. (1997)(emphasis added).
As appellant asserts in her brief, it is well-settled that the constitutional right to procedural due process requires, at a minimum, notice and an opportunity to be heard before a court can deprive an individual of his or her property. See, e.g., Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 32 L.Ed.2d (1972); County of Pasco v. Riehl, 635 So.2d 17, 18-19 (Fla.1994).
The opportunity to be heard must be meaningful and not merely colorable or illusive. See Rucker v. City of Ocala, 684 So.2d 836, 841 (Fla. 1st DCA 1996). While there is no single inflexible test by which a court determines whether the requirements of due process have been met, the proceeding in this case in no way comported with fundamental fairness. A significant property interest was taken from appellant with inadequate notice of the scope of the proceedings and no attempt to ensure that appellant understood her right to participate.
The restitution order of the trial court is reversed, and the case is remanded to the trial court to conduct further proceedings that comport with fundamental due process.
BARFIELD, C.J., and BOOTH, J., concur.

. We caution the trial court that under the authority of W.R. v. State, 462 So.2d 856 (Fla. 1st DCA 1985), the financial resources of a parent must be evaluated in determining the reasonableness of restitution in a juvenile proceeding.