440 So.2d 520 (1983)
John Anthony KIRILUK, Appellant,
v.
STATE of Florida, Appellee.
No. 83-296.
District Court of Appeal of Florida, Fourth District.
November 16, 1983.
E. Ross Zimmerman of Weinstein & Zimmerman, P.A. of Fort Lauderdale, for appellant.
Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.

UPON MOTION TO DISMISS
WALDEN, Judge.
The State has moved to dismiss Kiriluk's appeal on the ground that, since Kiriluk pled guilty to possession of cannabis, he may not now appeal from the judgment entered thereon. The State is correct. Florida Rule of Appellate Procedure 9.140(b) specifically provides that, "A defendant (in a criminal case) may not appeal from a judgment entered upon a plea of guilty."
A review of the plea hearing reveals that all concerned were proceeding under a misapprehension of law. The colloquy reflects that, with the approval of the court, Kiriluk *521 pled guilty on the specific condition that he be allowed to appeal as concerns the legality of the search and seizure in his case. We hazard that the parties confused the effect of a guilty plea with that of a plea of nolo contendre where a defendant can appeal upon making an express reservation of the right of appeal with specificity. See Fla.R. App.P. 9.140(b) and Taylor v. State, 355 So.2d 180 (Fla. 3rd DCA 1978).
However, Kiriluk is not without a remedy. While he has no right to a direct appeal, he can obtain review by means of collateral attack. Bryant v. State, 360 So.2d 146 (Fla. 2d DCA 1978); Honeycutt, Jr., v. State, 359 So.2d 503 (Fla. 2d DCA 1978). He could, at least, apply to the court to set aside his plea on the ground that it was given involuntarily. Fla.R.Crim.P. 3.850.
This appeal is
DISMISED.
GLICKSTEIN and DELL, JJ., concur.