PER CURIAM.
We affirm Williams’ convictions for attempted first degree murder, attempted armed robbery, and grand theft. However, Williams’ sentencing guidelines scoresheet reflects two separate miscalculations which require us to remand for resentencing.
First, Williams’ conviction for attempted armed robbery was erroneously scored as a first degree felony, when in fact the offense is a second degree felony. Lee v. State, 400 So.2d 1238 (Fla. 1st DCA *196 1981). Standing alone this error would not materially contribute to the guideline recommendation of twenty-two years, which sentence Williams received. However, imposition of a separate twenty-two year sentence for this count, concurrent with the same sentence for attempted murder, does exceed the statutory maximum and so would under any circumstances require correction of the judgment and sentence.
Additionally, the trial court erred in awarding twenty-one points for victim injury. Fla.R.Crim.P. 3.701(d)(7). When considered in conjunction with the foregoing, this error enhances the presumptive sentence by one cell. Under the version of Rule 3.701(d)(7) in effect at the time Williams’ offenses were committed, victim injury could be scored only if it were an element of one of those offenses. The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 482 So.2d 311 (Fla.1985). Victim injury is not an element of the offense of robbery; Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984); nor, unless specifically pled in the charging instrument, of attempted murder. Fennell v. State, 528 So.2d 1212 (Fla. 4th DCA 1988); Smith v. State, 501 So.2d 139 (Fla. 2d DCA 1987). Accordingly, Williams must be resentenced utilizing a corrected scoresheet.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and FRANK and ALTENBERND, JJ., concur.