559 So.2d 608 (1990)
Vincent TANNIHILL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-0075 and 89-0127.
District Court of Appeal of Florida, Fourth District.
January 24, 1990.
Supplementing Opinion May 2, 1990.
*609 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
LETTS, Judge.
The defendant set forth in his appellate brief that he pleaded nolo contendere to second degree murder, reserving his right to appeal the trial court's finding that he was competent to stand trial. The state's brief agreed that the above is what took place and the judge stated at the end of the hearing that the defendant had a right to appeal. All of them were wrong. On the record, the defendant clearly pled guilty, and therefore, has no right to appeal. However, the defendant can seek collateral relief. Kiriluk v. State, 440 So.2d 520 (Fla. 4th DCA 1983). This does not, however, automatically mean that he may relitigate the question of his competency to stand trial, a matter resolved before any guilty plea was entered.
We, therefore, have no jurisdiction and this appeal is dismissed.
DISMISSED.
POLEN, J., and KANAREK, PAUL B., Associate Judge, concur.

SUPPLEMENT TO OPINION OF JANUARY 24, 1990
The prior opinion issued on January 24, 1990, shall continue in full force and effect. In addition:
1. The judgment and sentence does not conform to the oral pronouncement in open court. The state concedes that the latter controls. Gonzales v. State, 488 So.2d 610 (Fla. 4th DCA 1986). The judgment and sentence must be corrected.
2. The state also concedes that attempted armed robbery is only a second degree felony. Williams v. State, 537 So.2d 195 (Fla. 2d DCA 1989). Accordingly, the maximum period of imprisonment is fifteen years.
This cause is, therefore,
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE HEREWITH.