ALTENBERND, Judge.
The parents of M.D. appeal an order requiring them to pay $2,500 as restitution, pursuant to section 39.11(l)(f), Florida Statutes (1987), for damages to an automobile caused by their minor child. The parents argue that they should not be required to provide restitution to the victim because they made “diligent good faith efforts to prevent the child from engaging in delinquent acts.” § 39.11(l)(f), Fla.Stat. (1987). We affirm the trial court’s order because the parents failed to prove their entitlement to this statutory exception to the general rule permitting restitution orders against parents of children who commit delinquent acts.
In the fall of 1988, the parents’ seventeen-year-old child stole thirteen automo *1260 biles. The first theft occurred on or before September 11,1988. The theft which is the subject of this appeal occurred during the early morning hours of October 1, 1988. The child pled guilty and was adjudicated delinquent for this activity. The child was ordered to pay restitution separate from the parents’ responsibilities.
Although the details of each theft are not contained in this record, it appears that the teenager, on numerous occasions, slipped out of the house after the parents had gone to sleep. On October 1, 1988, at approximately 2 a.m., the teenager stole a 1987 Ford Escort. The vehicle was later recovered, but it had sustained significant damage. Its owner suffered actual damages of $2,908 for towing, storage, repairs, and the rental of a temporary substitute.
The mother testified that the family moved to Florida in 1982. Prior to the fall of 1988, the child had not been a disciplinary problem. In September 1988, the child was not getting along with the family. The mother arranged an appointment with the child’s high school guidance counselor to discuss her child's disciplinary problems. The counselor suggested that the parents enforce an 11 p.m. curfew. The parents attempted to enforce the curfew and believed the juvenile was “pretty good” about complying with the curfew. Nevertheless, at trial the mother admitted that on a few occasions she noticed the child was not in bed during the night. The mother did not explain what additional efforts, if any, she took to control her child after she discovered the child’s absence during these nights.
Section 39.11, Florida Statutes (1987), details the juvenile court’s powers of disposition. Section 39.11(l)(f) provides that, when a child is adjudicated by the court to have committed a delinquent act, the court shall have the power to:
As part of ... the community-based sanctions ordered by the court at the disposition hearing ..., order the child or parent to make restitution for the damage or loss caused by his offense in a reasonable amount or manner to be determined by the court.... The liability of a parent under this paragraph shall not exceed $2,500 for any one criminal episode. A finding by the court, after a hearing, that the parent has made diligent good faith efforts to prevent the child from engaging in delinquent acts shall absolve the parent of liability for restitution under this paragraph.
The court’s authority to impose restitution upon parents was added to the statute in 1981. Ch. 81-218, § 11, Laws of Fla. Although this restitution provision has been previously applied, the due diligence exception has not been interpreted in any prior appellate opinion. See D.M. v. State, 550 So.2d 149 (Fla. 3d DCA 1989).
The parents and the state present widely divergent views concerning the degree of effort which should constitute “diligent good faith efforts” under the statute. The state argues that the trial court correctly interpreted the statute to require the parents to prove that they undertook extraordinary efforts, over and above the efforts of average parents, in an attempt to prevent the child’s delinquent acts. The parents argue that they are liable only if their efforts fell below the normal efforts of ordinary parents. In essence, the parents believe they should have no liability unless there is some negligence on their part. Especially when they were aware only that their child was experiencing some behavioral problems and were not on notice that their child was committing delinquent acts, the parents argue they had no reason to take extraordinary steps.
In evaluating the legislature’s intent concerning the above-quoted statute, we believe it is helpful to consider section 741.24, Florida Statutes (Supp.1988). See City of Boca Raton v. Gidman, 440 So.2d 1277 (Fla.1983) (“a law should be construed together with any other law relating to the same purpose such that they are in harmony”); Wakulla County v. Davis, 395 So.2d 540 (Fla.1981); 49 Fla.Jur.2d Statutes §§ 173, 180 (1984). This statute places strict liability on parents for actual dam *1261 ages caused by malicious or willful destruction or theft of property by any child under the age of eighteen, so long as the child is living with the parents. The statute is directly enforced by the victim through a civil action. Although both the restitution statute and the civil liability statute placed a $2,500 limit on parental liability for several years, the civil statute was amended to eliminate this limitation on the parents’ liability only hours before the theft and destruction of this car. Ch. 88-381, § 36, Laws of Fla.
Since this child was living at home with the parents and was under the age of eighteen at the time of this theft, the parents could be strictly liable for this theft under section 741.24. At least in theory, it may be possible that the theft and joyride which resulted in this damage were not malicious or willful, but nothing in this record suggests this unlikely possibility. Although the parents argue that this statute is inapplicable because the child is now nineteen and thus any civil action would now be brought after the child’s majority, we interpret section 741.24 to place liability upon parents if the conditions of the statute existed at the time of their child’s act. Thus, the legislature has announced a strong policy to impose liability upon parents for their child’s willful or malicious acts of theft or destruction.
This case does not involve an issue of “good faith.” The state does not contend that the parents’ efforts lacked that quality. Instead, the state maintains that the parents failed to prove sufficient “diligence.” We agree that the parents had the burden to establish their diligence by the greater weight of the evidence.
At least in cases which also implicate the strict liability of section 741.24, we agree with the trial court that the parents have the burden to prove a degree of effort which is over and above the efforts involved in average parenting. The statutory absolution for some parents is intended to be an exception to the general rule rather than a rule of average.
In this ease, there is evidence that the mother knew her child was slipping out of the house after the established curfew. While she did not know the child’s exact nighttime activities, she certainly could anticipate the possibility of delinquent acts. We sympathize with a parent’s quandary in attempting to keep a teenager confined to the home during the late night hours. Nevertheless, once the parents knew that their teenager was experiencing problems and was leaving home late at night without their permission, they could have exerted more effort to control their child. “Diligent” is frequently defined as “painstaking.” Webster’s New World Dictionary 386 (3d College ed. 1988). Under the policies announced by the legislature, we believe the trial court correctly applied the law. The trial court’s decision that the parents’ good faith efforts did not rise to the level of painstaking effort is supported by substantial competent evidence.
Affirmed.
THREADGILL, A.C.J., and PARKER, J., concur.