561 So.2d 1323 (1990)
Westley HOSTZCLAW, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1918.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
Richard L. Jorandby, Public Defender, and Jill Hanekamp, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Appellant, an indigent defendant, entered a plea of nolo contendere to the charges of burglary and petit theft on May 4, 1989. On July 7, 1989, the trial judge adjudicated appellant guilty and ordered him to pay court costs in the sum of $250.00 pursuant to section 27.3455(1), Florida Statutes (1988). The trial judge further ordered appellant to pay public defender attorney's fees and costs totaling $633.40 pursuant to section 27.56(1)(a), Florida Statutes (1987).
The assistant public defender submitted an unsworn affidavit of his time and costs to the court prior to the sentencing hearing. The affidavit indicates that the assistant public defender informed appellant *1324 of the costs. Yet, appellant's signature does not appear in the waiver of hearing or request for hearing section on the form. The affidavit does not state that this matter would be called up at the sentencing hearing or that these costs would be assessed against appellant at that time.
Our review of the record indicates that appellant did not receive notice of the assessment of his public defender attorney's fees and costs. Further, the trial court failed to make the required findings of appellant's ability to pay.[1]Bull v. State, 548 So.2d 1103 (Fla. 1989); Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Appellee concedes that the trial court erred in imposing costs without notice and without making specific findings as to appellant's ability to pay. We agree that the lack of notice alone mandates reversal. However, appellee requests that this court certify a question to the supreme court so that it may consider the federal standard enounced in United States v. Cooper, 870 F.2d 586 (11th Cir.1989); United Stated v. Rivera-Valdez, 839 F.2d 8 (1st Cir.1988); and United States v. Pagan, 785 F.2d 378 (2d Cir.1986), cert. denied, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). These cases stand for the proposition that even an indigent defendant cannot implicate a constitutional defense against the imposition of costs and fees vis-a-vis his ability to pay. It is only at the time such costs and/or fees are attempted to be collected that constitutional protections may arise. Contra Rowe v. State, 558 So.2d 174 (Fla. 5th DCA 1990). We have certified this question in Beasley v. State, No. 89-2188 (Fla. 4th DCA May 23, 1990).
Accordingly, we reverse the imposition of fees and costs against appellant and remand for further action consistent with this opinion.
ANSTEAD and GLICKSTEIN, JJ., concur.
NOTES
[1] Appellant does not challenge the assessment of his special public defender fees.