566 So.2d 356 (1990)
Larry ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3006.
District Court of Appeal of Florida, Fourth District.
September 5, 1990.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
We must reluctantly dismiss this appeal because the defendant, rather than pleading nolo contendere and reserving his right to appeal the denial of the motion to suppress, actually plead guilty, thereby precluding appellate review. Kiriluk v. State, 440 So.2d 520 (Fla. 4th DCA 1983).
What occurred in the trial court is that after the trial court denied the motion to suppress, the following colloquy took place.
MR. HALL (Defense Counsel): Your Honor, we would like to resolve it today. Your Honor, would the Court have a *357 problem if we reserve our right to appeal?
THE COURT: Be a plea of nolo contendra [sic]. State will stipulate that this motion to suppress is dispositive of the case?
MS. MCMECHAN (Assistant State Attorney): Yes, Judge.
THE COURT: Want to raise your right hand.
Thereupon,
LARRY ROSS,
having been first duly sworn, was examined and testified upon his oath as follows:
THE COURT: It's my understanding you want to change your plea of not guilty to guilty, is that correct?

THE DEFENDANT: Yes.

THE COURT: You understand by pleading guilty, you're giving up your right to go to trial, your right to have Mr. Earl Hall, a private attorney represent you at this trial, you're giving up the right to remain silent, that means no one can force you to testify against your will, your right to have your lawyer subpoena witnesses, that is to bring to court witness to testify for you rather than against you, and your right to take an appeal of your conviction. Understand all those legal rights?
THE DEFENDANT: Yes.

THE COURT: And you're willing to give then all up?
THE DEFENDANT: Yes.
.....
THE COURT: And you're pleading guilty freely and voluntarily?
THE DEFENDANT: Right.
[Thereupon the court withheld adjudication and placed appellant on probation.]
THE COURT: ... you are reserving your right to take an appeal and that notice of appeal has to be filed within the appropriate time.
MR. HALL: Additionally, Mr. Ross is indigent and, in fact, I received this case from Johnny McCray.
THE COURT: Okay. I will appoint the Public Defender to represent him to perfect his appeal, so you'll have to get the appropriate work to the PD's office.
MR. HALL: I will.
While appellant apparently wanted to plead nolo contendre and reserve his right to appeal, he actually pled guilty. Despite this, on appeal the defendant stated in his brief that he pled nolo contendere and the state agreed. It was not until the court pointed out the guilty plea to the court at oral argument that either the state or appellant realized the jurisdictional quandary of this court.
This case is almost identical to Tannihill v. State, 559 So.2d 608 (Fla. 4th DCA 1990) which held that this court did not have jurisdiction under similar factual circumstances. This mistaken plea cannot confer on this court jurisdiction when section 924.06(3), Florida Statutes (1989), and Florida Rule of Criminal Procedure 3.172(c)(iv) preclude an appeal after entry of a guilty plea, a position which has repeatedly been followed by this court under similar circumstances. Tannihill; Roberts v. State, 479 So.2d 879 (Fla. 4th DCA 1985); Kiriluk v. State, 440 So.2d 520 (Fla. 4th DCA 1983).
What is particularly distressing is that in the lower court both the defense attorney and the trial court were "asleep at the wheel" when the plea colloquy began. Even though the trial court acknowledged that the plea should be one of nolo contendere to reserve the right to appeal, he nevertheless in the next breath took a plea of guilty, and appellant's counsel either wasn't listening or did not know the consequence of what his client was agreeing to.
Undoubtedly, because of the substantial criminal case loads and trial dockets, the taking of a plea has become so standardized that the trial court and counsel can go through the colloquy by rote. However, courts and counsel should be reminded again of what our Supreme Court said regarding the taking of a plea in Williams v. State, 316 So.2d 267 (Fla. 1975).
The taking of a guilty [nolo contendere] plea is one of the most important tasks of a trial judge (footnote omitted). As many as ninety percent of the criminal felony cases in a particular jurisdiction *358 may be disposed of by a guilty plea. Surprisingly, fifty to sixty percent of the post-conviction proceedings heard in the federal and state courts come from defendants who have entered a plea of guilty. This illustrates the importance of a proper and thorough inquiry by the court at the time of the guilty plea in order to insulate the plea from unnecessary appellate and post-conviction proceedings.
[1] A plea of guilty is both a confession and a conviction. By entering a plea of guilty, the defendant is consenting to the judgment of conviction. Boykin v. Alabama, supra [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)]. Clearly, it is an extremely important step in the criminal process and should not be hurried or treated summarily.
Id. at 270-271. The plea colloquy is one of the most crucial steps in the criminal process. In it the defendant gives up many of his fundamental rights. More attentiveness should be paid to its constitutional importance. Perhaps then mistakes such as what occurred in this case can be avoided.
There is no provision in the Rules of Criminal Procedure for the correction of clerical errors, if we can even call this a clerical error. If there were, we would surely remand for correction so as to address the meritorious arguments made on the suppression issue. Nevertheless, our own precedent cited above precludes us from considering the case. However, as suggested by those cases, appellant is not without relief, as he may collaterally attack his plea. See Kiriluk, 440 So.2d at 520.
Dismissed.
ANSTEAD and GLICKSTEIN, JJ., concur.