583 So.2d 384 (1991)
David BUIEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02731.
District Court of Appeal of Florida, First District.
July 23, 1991.
*385 Stephen M. Witt, Lake City, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment and sentence for sale of a substance in lieu of cocaine, a third-degree felony. At sentencing, the trial court found appellant a habitual felony offender and sentenced him to eight years' imprisonment followed by seven years' probation. The trial court also imposed a fine in the amount of $1,000, statutory court costs, and a lien for attorney fees in the amount of $1,000.
Appellant's counsel filed an Anders[1] brief, and we entered an order requiring a supplemental brief addressing the following issues: (1) whether the sentence of eight years' imprisonment followed by seven years' probation exceeds the maximum sentence for a third-degree felony under Section 775.084, Florida Statutes, the Habitual Felony Offender Statute; (2) whether the imposition of a probationary split sentence results in a double jeopardy violation; (3) whether the imposition of fixed statutory costs without notice prior to the sentencing hearing is a violation of due process; and (4) whether the imposition of a lien for attorney fees and costs in a specific amount without providing an opportunity to contest the amount of the lien is a violation of due process.
The State concedes the first issue. The sentence of eight years' imprisonment followed by seven years' probation exceeds the ten-year maximum sentence for a third-degree felony under Section 775.084(4)(a)3, Florida Statutes (Supp. 1988). The sentence must, therefore, be reversed. Calhoun v. State, 522 So.2d 509, 510 (Fla. 1st DCA 1988).
We affirm as to the second issue. In Glass v. State, 574 So.2d 1099, 1102 (Fla. 1991), the court held that imposition of a probationary split sentence is an authorized disposition under Section 921.187(1)(g), Florida Statutes. We also affirm as to the third issue, regarding imposition of fixed statutory costs without notice prior to the sentencing hearing. State v. Beasley, 580 So.2d 139 (Fla. 1991).
As to issue four, the State concedes that appellant was not informed at the time of sentencing of his right to contest the amount of the lien and that this was error. Fla.R.Crim.P. 3.720(d)(1); Bull v. State, 548 So.2d 1103, 1104-1105 (Fla. 1989).
Accordingly, we reverse and remand this cause for imposition of a sentence not exceeding ten years in length and to allow appellant notice and opportunity to contest the amount of the lien imposed under Section 27.56, Florida Statutes. In all other respects, the judgment of conviction and sentence are affirmed.
ERVIN, BOOTH and BARFIELD, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).