590 So.2d 1116 (1991)
Maurice SMILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2748.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
Richard L. Jorandby, Public Defender, Nancy Perez and Debra Moses Stephens, *1117 Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction and sentence in all respects except for the imposition of public defender fees and costs, which we reverse and remand with direction to proceed in accordance herewith.
While State v. Beasley, 580 So.2d 139 (Fla. 1991), controls the imposition of certain statutorily mandated costs, "prior notice is indispensable to the imposition of attorney's (public defender) fees under section 27.56(1)(a)." In re R.B., 582 So.2d 163 (Fla. 4th DCA 1991). Pursuant to section 27.56(1)(a), Florida Statutes (1989), the trial court, having jurisdiction over any defendant who has been determined guilty and who has received the assistance of the public defender's office, "may assess attorney's fees and costs against the defendant." The public defender shall move the court to assess attorney's fees and costs at the sentencing hearing or at such stage in the proceedings as the court may deem appropriate. Section 27.56(1)(a), Fla. Stat. (1989). Section 27.56(7) specifically provides that the defendant be afforded the opportunity to object to the amount of the lien:
The court having jurisdiction of the defendant-recipient may, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender ... at which time the defendant-recipient or parent, after adequate notice thereof, shall have the opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.

Section 27.56(7), Fla. Stat. (1989) (emphasis added).
While the R.B. panel of this court relied on the above language to distinguish section 27.56 from sections 27.3455, 943.25, and 960.20, which were the subject of Beasley, another distinction between the imposition of costs under the aforementioned sections and the imposition of fees and costs under section 27.56 is the legislature's use of the word "may" in the latter. Section 27.56 provides for the assessment of attorney's fees and costs "as a matter of law," Bull v. State, 548 So.2d 1103, 1104 (Fla. 1989); however, we hold the assessment is not mandatory. Consequently, the defendant is not on constructive notice that such a fee will be imposed.
In the instant case, the public defender did not move the trial court for the imposition of attorney's fees. Rather, the trial court merely asked the public defender to provide the amount of the lien:
THE COURT: All right, Maurice Smiley, in this case Number 90-423, the jury having found you guilty of Count I, sale and delivery of cocaine, a felony of the second degree, I am going to adjudicate you guilty. I'm going to sentence you to fifteen years in the DOC as an habitual felony offender.
You will be assessed two hundred and twenty five dollar court costs, public defender fees of 
PUBLIC DEFENDER: Two hundred and fifty dollars.
THE COURT:  two hundred and fifty dollars.
As in R.B., there was no prior notice, much less a motion by anyone, that would alert appellant to be prepared to address this issue. Furthermore, appellant was not given notice of his right to a hearing to contest the amount of the lien as mandated by Florida Rule of Criminal Procedure 3.720(d)(1). In sum, the trial court was required to afford appellant notice of the assessment of his public defender attorney's fees and costs, Hostzclaw v. State, 561 So.2d 1323 (Fla. 4th DCA 1990), yet failed to do so.
GLICKSTEIN, C.J., and DOWNEY and GUNTHER, JJ., concur.