604 So.2d 885 (1992)
Terry T. TOWNSEND, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01942.
District Court of Appeal of Florida, Second District.
August 28, 1992.
PER CURIAM.
Townsend appeals the summary denial of his rule 3.850 motion. The relief requested in Townsend's motion is directed to the sentences imposed in two lower court cases, case no. 88-4349 and case no. 89-0494. Townsend raises eight claims in his motion, only two of which have merit.
First, Townsend claims that in case no. 89-0494, the trial court erred in assessing $1,000 in public defender fees without prior notice and an opportunity to contest the fees. If Townsend's claim is true, we agree this was error. See Smiley v. State, 590 So.2d 1116 (Fla. 4th DCA 1991) and Buiey v. State, 583 So.2d 384 (Fla. 1st DCA 1991). Because the trial court's order of denial does not refute Townsend's claim that the fees were improperly assessed, we reverse and remand on this point. On remand the trial court may again deny the relief requested and attach to its order of denial that portion of the record refuting this claim or conduct an evidentiary hearing.
Second, Townsend claims that the written sentence in case no. 89-0494 did not comport with the oral pronouncement. The oral pronouncement called for seven years in prison followed by seven years probation. The written sentence called for seven years in prison followed by three years probation. The trial court agreed with Townsend and revised the written sentence to conform to the oral pronouncement. The conformed sentence, however, is now illegal because it exceeds the ten-year statutory maximum permitted for a third degree felony under the habitual offender statute. See § 775.084(4)(a)(3), Fla. Stat. (1987); Buiey. We therefore reverse and remand for correction of that sentence within the statutory maximum.
Reversed, in part, and remanded for further proceedings. The order of denial is otherwise affirmed.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.