ERVIN, Judge.
In this appeal from a delinquency adjudication, appellant, the mother of L.A.D.,[1] challenges an order directing her to pay restitution in the event that L.A.D. failed to make such payment, and in ordering her to pay attorney’s fees for services rendered to her son by court-appointed counsel. Upon review of court-ordered supplemental briefs, we conclude that imposition of restitution upon the child, or upon the mother if the child failed to pay, was invalid, and that the error in directing same is fundamental. We therefore vacate the restitution portion of the order as it pertains to appellant. As to the attorney-fee issue, because the mother did not receive prior notice informing her she could be assessed for her son’s attorney-fee obligation, we reverse and remand for further proceedings consistent with this opinion.
Following L.A.D.’s plea of guilty to the offense of leaving the scene of an accident resulting in an injury to another person, the court determined that L.A.D. had committed a delinquent act and placed him in a community controlled program. The court further ordered that L.A.D. pay restitution in the amount of $1,300 to the victim, with a special provision that L.A.D.’s mother pay the same if the child failed to do so, as authorized by Section 39.054(l)(f), Florida Statutes (1991). The mother was also directed to pay $300 in attorney’s fees.
An order directing restitution must be considered a sentencing error, rather than a trial error, and as such does not require a contemporaneous objection. See State v. Rhoden, 448 So.2d 1013 (Fla.1984). See also Williams v. State, 505 So.2d 478 (Fla. 2d DCA1987) (contemporaneous objection not required, in that restitution provision violated defendant’s right to due process), opinion approved, State v. Williams, 520 So.2d 276 (Fla.1988). Compare Ashley v. State, 614 So.2d 486 (Fla.1993), wherein the Florida Supreme Court, in quashing the defendant’s habitual offender sentence due to the state’s failure to notify the defendant of its intention to ha-bitualize him before he entered his nolo contendere plea, made the following observations:
In the present case, although Ashley failed to object to lack of notice at trial, no contemporaneous objection is required in order to preserve a purely legal sentencing issue. Taylor v. State, 601 So.2d 540 (Fla.1992). The requirement of rule 3.172 and section 775.084 concerning pre-plea notice of habitualization is clearly a legal matter, involving no factual determination.
Consequently, even though the propriety of directing L.A.D.’s mother to pay restitution was not raised below, we nonetheless address the issue on its merits.
*108 Section 775.089(l)(a), Florida Statutes (1991), provides that a defendant shall “make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense....” (Emphasis added.) Thus, before restitution may be ordered, there must be a causal or significant relationship between the offense for which the child was adjudicated delinquent and the amount of damages or loss directed to be reimbursed to the victim. See State v. Williams, 520 So.2d 276 (Fla.1988) (reversing sentence requiring defendant, who was convicted of leaving the scene of an accident, to pay restitution because damages were not caused by the offense). In the instant case, the state has conceded that the victim’s damages were caused by the collision with L.A.D.’s vehicle and were not in any way attributable to L.A.D.’s act of leaving the scene of the accident, however, because L.A.D. did not join this appeal, we vacate only that portion of the disposition order directing the mother to pay her son’s restitution obligation.
Regarding the issue of appellant’s obligation to pay attorney’s fees for services rendered on behalf of her son by a court-appointed attorney, the lower court ordered such payment pursuant to Section 27.-56(l)(a), Florida Statutes (1991), permitting attorney’s fees to be assessed against a defendant, and section 27.56(2)(a), authorizing a lien to be entered against a defendant or the parent of a minor who has been represented by a public defender. The court, however, departed from both the dictates of section 27.56(7) and Florida Rule of Criminal Procedure 3.720(d)(1) in not affording appellant prior notice, before the assessment of the attorney-fee lien, of her right to a hearing in order to contest the amount of the lien. See Buiey v. State, 583 So.2d 384, 385 (Fla. 1st DCA1991). In the case at bar, no such notice was provided either at the time of the entry of the initial order of disposition, the amended order, or the final judgment, notwithstanding the mother’s statement, when the court first imposed the attorney-fee obligation upon her, that she did not have the financial means to pay the obligation. This was clearly error.[2] Consequently, the assessment of attorney's fees against the mother is reversed and the case is remanded for the purpose of allowing appellant notice and opportunity to contest the amount of the lien, as is required under section 27.-56(7).[3]
REVERSED AND REMANDED.
ZEHMER, J., concurs.
BARFIELD, J., dissents with written opinion.

. The mother has standing to appeal under Section 39.069(l)(a), Florida Statutes (1991). See In Interest of M.D., 561 So.2d 1259 (Fla. 2d DCA1990). The son, L.A.D., did not file an appeal from the adjudication.

. Although the Florida Supreme Court has recently held that procedural due process is not implicated by a trial court's failure to provide prior notice to a defendant before assessing costs, so long as notice is afforded before the state seeks to enforce the collection of costs, the court has nonetheless recognized that if the statute under which costs are authorized requires notice before costs may be assessed, such must be provided. State v. Beasley, 580 So.2d 139, 142 (Fla.1991).

. Section 27.56(7) provides that the defendant or parent shall have the right to be represented by counsel at any such hearing, however, the statute does not provide that such person has the right to appointed counsel. See Bull v. State, 548 So.2d 1103, 1105 (Fla.1989).