PER CURIAM.
Calvin Smith appeals the denial of a motion to correct illegal sentence and an un-sworn “motion to dismiss” court-appointed counsel’s lien for fees. We affirm.
The only allegation of merit is appellant’s claim that he did not receive prior notice and an opportunity to be heard regarding the assessment of court-appointed counsel’s fees. If true, appellant would be entitled to relief. See Townsend v. State, 604 So.2d 885 (Fla. 2d DCA 1992); Smiley v. State, 590 So.2d 1116 (Fla. 4th DCA 1991); Buiey v. State, 583 So.2d 384 (Fla. 1st DCA 1991). The trial court denied relief, erroneously holding that appellant was not entitled to notice and hearing. The trial court should have denied relief without prejudice on the basis that the motion did not satisfy the requirements of Florida Rule of Criminal Procedure 3.850.[1]
*1243 Accordingly, we affirm the denial of relief without prejudice to appellant filing a motion pursuant to rule 3.850.
RYDER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.

. This court and others have previously considered matters of costs imposed against indigent defendants on appeals from denials of motions to correct sentence. See Riddell v. State, 509 So.2d 956 (Fla. 1st DCA 1987); Maxwell v. State, 492 So.2d 841 (Fla. 5th DCA 1986); Haynes v. State, 486 So.2d 77 (Fla. 2d DCA 1986). In a situation such as the instant case, however, in which a *1243 procedural notice requirement is contested, the defendant is required to set forth a sworn factual basis. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA), review denied, 613 So.2d 5 (Fla.1992).