PER CURIAM.
We reverse appellant’s sentence and remand for resentencing. The nature of the errors we address does not require that appellant be present for resentencing.
The assessment of a fee for the Public Defender is stricken for lack of proper notice. Smiley v. State, 590 So.2d 1116 (Fla. 4th DCA1991); Hostzclaw v. State, 561 So.2d 1323 (Fla. 4th DCA1990).
The written sentence must be amended to comport with the oral sentence. E.g., Newberry v. State, 616 So.2d 1093 (Fla. 4th DCA1993); McBee v. State, 581 So.2d 1009 (Fla. 4th DCA1991); Tannihill v. State, 559 So.2d 608 (Fla. 4th DCA1990).
It is unclear whether the trial court intended to impose habitual felony offender status *813 for each and every count or as to Count I only. This must be clarified upon remand.
REVERSED AND REMANDED.
ANSTEAD, HERSEY and GLICKSTEIN, JJ., concur.