645 So.2d 1110 (1994)
Michael MAJORS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-836.
District Court of Appeal of Florida, First District.
December 7, 1994.
Michael Majors, pro se.
No appearance for appellee.
ERVIN, Judge.
Michael Majors appeals from the summary denial of his motion to vacate sentence, which had alleged eight grounds for relief. We affirm the summary denial of six of the claims, but reverse and remand for further proceedings on the remaining two. The first point requiring reversal is an ineffective assistance of counsel complaint, wherein appellant asserts that trial counsel failed to inform him concerning a plea offer extended by the prosecutor. Appellant contends that if he had been made aware of the offer, he would have accepted it, and he would have received a lesser sentence than that imposed. Because the court failed to attach any portion of the record which refutes this claim, and because appellant's allegations are sufficient, we reverse and remand as to this ground. Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992).
The second point requiring reversal is appellant's contention that the trial court imposed attorney's fees and costs without affording him notice and an opportunity to be heard. Regardless of whether notice was provided by publication of the statutes, State v. Beasley, 580 So.2d 139, 142 (Fla. 1991), or whether the public defender was required to move for fees and costs, Smiley v. State, 590 So.2d 1116, 1117 (Fla. 4th DCA 1991), the fact remains that no portion of the record was attached to the order refuting appellant's claim that he was not provided with an opportunity to contest the amount. Buiey v. State, 583 So.2d 384 (Fla. 1st DCA 1991) (error occurred where defendant was not informed at the time of sentencing of his right to contest the amount of the public defender's lien for fees and costs). Thus, the order must be reversed and the case remanded for the trial court to attach that portion of the record which refutes this claim or to conduct an evidentiary hearing. Townsend v. State, 604 So.2d 885 (Fla. 2d DCA 1992).
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
JOANOS and MINER, JJ., concur.