DANAHY, Acting Chief Judge.
The appellant challenges his convictions and his habitual offender sentence for several offenses, and the imposition of attorney’s fees. He raises three issues. We find no merit in the first two issues, but agree with the appellant that the imposition of attorney’s fees was improper because the appellant failed to receive prior notice and an opportunity to be heard with regard to those fees, as required by Florida Rule of Criminal Procedure 3.720(d)(1). See Smith v. State, 623 So.2d 1242 (Fla. 2d DCA 1993); Townsend v. State, 604 So.2d 885 (Fla. 2d DCA 1992).
Accordingly, we strike the imposition of attorney’s fees without prejudice to the trial court’s reimposing them on remand after compliance with rule 3.720(d)(1). See Burke v. State, 642 So.2d 677 (Fla. 5th DCA 1994).
*849 Affirmed in part; imposition of attorney’s fees stricken.
SCHOONOVER and FULMER, JJ., concur.