654 So.2d 252 (1995)
Mallory WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2566.
District Court of Appeal of Florida, First District.
April 26, 1995.
Rehearing Denied May 2, 1995.
Nancy A. Daniels, Public Defender, Fred Parker Bingham II, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Douglas Gurnic, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Of the four issues raised by appellant, Mallory Wright, we affirm the first two concerning the state's cross-examination of appellant and the expert witness jury instruction, because neither issue was preserved for appellate review.
We reverse, however, the two sentencing issues for the following reasons. First, appellant was not afforded notice and an opportunity to object to the amount of the public defender's lien. See L.A.D. v. State, 616 So.2d 106, 108 (Fla. 1st DCA) (where trial court failed to provide prior notice of right to a hearing to contest the amount of lien, assessment of lien was reversed and case remanded for purpose of allowing appellant notice and opportunity to contest amount), review denied, 624 So.2d 268 (Fla. 1993). Accord Buiey v. State, 583 So.2d 384, 385 (Fla. 1st DCA 1991); Gant v. State, 640 So.2d 1180, 1182 (Fla. 4th DCA 1994).
Second, no statutory authority was provided for the imposition of the $100 cost for a crime lab assessment fee. The law is clear that recovery and allowance of costs in criminal cases must be authorized by statute. Masters v. State, 358 So.2d 1143 (Fla. 1st DCA 1978). Because the order does not point to any specific statutory authority allowing for recovery, the order is reversed and remanded for reference to the applicable statute or for deletion of the unsupported cost. See Thomas v. State, 633 So.2d 1122 (Fla. 5th DCA), review denied, 640 So.2d 1109 (Fla. 1994); Williams v. State, 596 So.2d 758 (Fla. 2d DCA 1992).
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
MINER and BENTON, JJ., concur.