661 So.2d 1315 (1995)
Andrew BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2335.
District Court of Appeal of Florida, First District.
November 3, 1995.
*1316 Nancy A. Daniels, Public Defender; Chet Kaufman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, for Appellee.
MICKLE, Judge.
In this matter presented to us pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we see no error affecting the convictions and sentences and therefore affirm. We remand, however, to strike improperly imposed costs and to vacate the order of restitution without prejudice to the reimposition thereof upon compliance with the proper procedures as set forth below.
The trial court orally ordered the defendant to pay a lump sum of $255 in court costs. The written Charges/Costs/Fees form itemizes the costs imposed. We must strike the assessment of $2 imposed pursuant to section 943.25(13), Florida Statutes (1993), and the assessment of $200 in general court costs because the trial court failed to provide notice and failed to consider defendant's financial resources and other factors in making the decision to assess these discretionary costs. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Majors v. State, 645 So.2d 1110 (Fla. 1st DCA 1994); Drakes v. State, 656 So.2d 569 (Fla. 2d DCA 1995). Additionally, the $200 court costs assessment is fatal because no statutory authority is cited and because, if this amount represents costs of prosecution pursuant to section 939.01, Florida Statutes (1993), then the state has the burden of proving the amount of these costs. See Reyes; Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). The record herein fails to reflect compliance with these requirements. Our disposition herein is without prejudice to reimposition of these costs upon remand after following the procedures outlined in Reyes.
We also strike the oral imposition of a public defender's lien in the amount of $800. The lien was imposed without adequate factual or legal basis shown in the record and the defendant was not advised of his right to a hearing to contest the amount thereof. We remand with directions to advise defendant *1317 of his right to a hearing and, if a hearing is requested, to set one pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). See Peterson v. State, 645 So.2d 1028 (Fla. 4th DCA 1994); Wright v. State, 654 So.2d 252 (Fla. 1st DCA 1995); Buiey v. State, 583 So.2d 384 (Fla. 1st DCA 1991).
With regard to restitution, the prosecutor orally announced at sentencing a restitution amount of $120 plus $18. The trial court then orally ordered restitution in the amount of $238, a sum $100 greater than the amount suggested by the prosecutor. No separate written restitution order appears in the record. Added, however, at the end of the written sentencing form is the language "def pay restitution of $238.00 to victim on ct. 4." We believe the manner in which restitution was imposed herein deprived the defendant of any opportunity to be heard with regard to the amount of loss sustained by the victim as well as defendant's ability to pay the assessed amount. Accordingly, the restitution is vacated and remanded to the lower court for reimposition, if appropriate, upon proper notice, hearing and pronouncement in compliance with section 775.089, Florida Statutes (1993).
Judgments and sentences AFFIRMED; portions of costs STRICKEN; REMANDED for restitution hearing.
ERVIN and LAWRENCE, JJ., concur.