PER CURIAM.
The defendant, Lawrence Miller, appeals his judgment and sentence for possession of cocaine and possession of paraphernalia. He challenges the trial court’s denial of his motion to suppress and the imposition of certain probation conditions and court costs. We affirm the convictions because we lack jurisdiction to review the suppression issue. However, we address certain sentencing errors.
With respect to the suppression issue, we observe that, even though the negotiated plea contained a reservation of the right to appeal this issue, the defendant entered a plea of guilty. Section 924.06(3), Florida Statutes (1993), Florida Rule of Criminal Procedure 3.172(c)(iv), and Florida Rule of Appellate Procedure 9.140(b)(1) preclude an appeal after entry of a guilty plea. See Robinson v. State, 373 So.2d 898 (Fla.1979); Ross v. State, 566 So.2d 356 (Fla. 4th DCA 1990). Nevertheless, the defendant asserts that his attorney’s erroneous advice to enter a plea of guilty instead of a plea of nolo contendere constitutes ineffective assistance of counsel per se which entitles him to appellate review of the suppression issue without the necessity of seeking postconviction relief in the trial court. We disagree. The defendant must first assert his claim of ineffective assistance of counsel or challenge the voluntariness of his plea in a postconviction proceeding in the trial court. See Kiriluk v. State, 440 So.2d 520 (Fla. 4th DCA 1983).
However, the defendant may assert on direct appeal those issues which occur at the time the plea is entered. See Robinson, 373 So.2d at 902. Therefore, we address his challenges to the imposition of certain probation conditions and court costs. We strike those portions of conditions four and six that are not statutorily mandated because they were not orally pronounced at sentencing.
*1068 Accordingly, we affirm only that portion of condition four which prohibits ownership or possession of a firearm and that portion of condition six which prohibits visiting “places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used.” See §§ 790.23 and 948.03(1)0), Fla. Stat. (1993); Hart v. State, 651 So.2d 112 (Fla. 2d DCA), rev. granted, 659 So.2d 1089 (Fla.1995); Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
The trial court also ordered court costs in the amount of $300 as a condition of probation. The trial court did not orally announce the statutory authority supporting the costs, and the judgment and sentence does not delineate the statutory basis for the assessment of this lump sum. Pursuant to Reyes v. State, 655 So.2d 111, 116-117 (Fla. 2d DCA 1995), we strike the $300 assessment of court costs. Upon remand, the trial court may reimpose appropriate costs after following the procedures outlined in Reyes, 655 So.2d 111.
Affirmed in part, reversed in part and remanded with directions.
CAMPBELL, A.C.J., and BLUE and FULMER, JJ., concur.