PER CURIAM.
In accordance with Lund v. State, 658 So.2d 679 (Fla. 1st DCA 1995), we strike the civil restitution hen order entered in this ease, based on its noneompliance with the requirements of section 960.292(3), Florida Statutes (Supp.1994). As was the case in Lund, the hen at issue here is invahd in that it does not identify the person or entity in whose favor it is imposed. In view of this disposition, we decline to reach the other issues presented by appellant regarding the interpretation of the statute and its constitutionality, and the absence of the defendant at the time the hen was imposed.
Appellant further argues that the trial court erred in imposing costs without reference to statutory authority, that the orally imposed costs totaling $330 are erroneously characterized in the written order as a fine, and that the written order varies from the oral pronouncement in terms of the time allotted for payment of this sum. The state acknowledges and we agree that this issue should be remanded to the trial court for clarification as to the nature of each assessment and the statutory authority underlying it, and for the purpose of conforming the written order to the trial court’s oral pronouncement. We therefore strike the portion of the trial court’s order imposing a fine of $330, without prejudice to reimposition of the costs orally pronounced by the trial court, upon compliance with the proper procedures. See Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA Nov. 3, 1995); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). In all other respects, the judgment and sentence of the trial court is affirmed.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.