PER CURIAM.
In accordance with Lund v. State, 658 So.2d 679 (Fla. 1st DCA 1995), we strike the civil restitution lien order entered in this case, based on its noncompliance with the requirements of section 960.292(3), Florida Statutes (Supp.1994). As was the case in Lund, the lien at issue here is invalid in that it does not identify the person or entity in whose favor it is imposed. In view of this disposition, we decline to reach the other issues presented by appellant regarding the interpretation of the statute and its constitutionality, and the absence of the defendant at the time the lien was imposed.
We further strike the portion of the trial court’s written probation order directing appellant to pay the costs of supervision, as the trial court orally announced that those costs would be waived. Appellant further argues that the trial court erred in imposing other costs without reference to statutory authority. The state acknowledges and we agree that this issue should be remanded to the trial court for clarification as to the nature of each assessment and the statutory authority underlying it. We therefore strike the portion of the trial court’s order imposing costs totaling $680, without prejudice to the reim-position of these costs upon compliance with the proper procedures. See Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); *1133 Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). In all other respects, the judgment and sentence of the trial court is affirmed.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.