PER CURIAM.
In accordance with Lund v. State, 658 So.2d 679 (Fla. 1st DCA 1995), we strike the civil restitution hen order entered in this ease, based on its noncomphance with the requirements of section 960.292(3), Florida Statutes (Supp.1994). As was the case in Lund, the hen at issue here is invalid in that it does not identify the person or entity in whose favor it is imposed. In view of this disposition, we dechne to reach the other issues presented by appehant regarding the interpretation of the statute and its constitutionality, and the absence of the defendant at the time the hen was imposed.
Appehant further argues that the trial court erred in imposing costs without reference to statutory authority. The state acknowledges and we agree that this issue should be remanded to the trial court for clarification as to the nature of each assessment and the statutory authority underlying it. We therefore strike the portion of the trial court’s order imposing costs totaling $930, without prejudice to the reimposition of these costs upon comphance with proper procedures. See Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). In ah other respects, the judgment and sentence of the trial court is affirmed.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.