665 So.2d 384 (1996)
Michael Dewayne McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-4005.
District Court of Appeal of Florida, First District.
January 4, 1996.
Nancy A. Daniels, Public Defender, Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Richard Parker, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Michael Dewayne McCray (McCray) appeals his conviction for possession of less than twenty grams of marijuana, alleging that competent substantial evidence did not exist for the conviction and that the trial court's imposition of costs in the amount of $100 (described as a "drug" cost) was improper. We affirm McCray's conviction and sentence, but reverse and remand on the cost issue.
*385 McCray argues that the trial court provided no specific statutory authority in its written order when it imposed the cost. He argues that without specific statutory authority, imposition of the cost is illegal. We agree. Although the trial judge cited statutory authority in his oral pronouncement at sentencing, that authority was not included in the written order.
The issue in this case is similar to that in Wright v. State, 654 So.2d 252 (Fla. 1st DCA 1995). This court in Wright said:
The law is clear that recovery and allowance of costs in criminal cases must be authorized by statute. Because the order does not point to any specific statutory authority allowing for recovery, the order is reversed and remanded for reference to the applicable statute or for deletion of the unsupported cost.
Id. at 252 (citation omitted).
We reverse and remand for deletion of the cost at issue or for inclusion of specific statutory authority in the written order, as required by Wright.
The order is AFFIRMED in all other respects.
JOANOS, MICKLE and LAWRENCE, JJ., concur.