676 So.2d 498 (1996)
C.M., Grandmother and Legal Guardian of A.A.L., A Child, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-851, 95-3829.
District Court of Appeal of Florida, First District.
July 2, 1996.
Deborah A. Schroth, Jacksonville Area Legal Aid, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant, the grandmother and legal guardian of a child adjudicated delinquent, seeks review of an order directing her to make restitution to the victim of the child's theft, and to pay a fee for the services rendered to the child by the public defender. We reverse the order directing her to make restitution because we are unable to find any statutory basis for it. We also reverse the order directing her to pay a fee for the services rendered to the child by the public defender because she was not afforded notice of an intent to seek such a fee from her, or an opportunity to contest its amount.
The material facts are undisputed. Appellant's grandson, of whom appellant is the legal guardian, entered a plea of guilty to what would be the offense of grand theft if committed by an adult, challenging the amount of restitution claimed by the victim. At a subsequent hearing, the trial court found the amount of restitution to be $1,500.00. Appellant argued that, pursuant to an amendment to the relevant statute which had taken effect just weeks before the theft had occurred, only the child could be made directly responsible for restitution. The trial court rejected this argument without explanation, and ordered that appellant be directly responsible for the entire amount of restitution, which she was to repay at the rate of $35.00 per month. The trial court further informed appellant that failure to make the payments would cause her to be cited for contempt of court. Finally, the trial court also directed appellant to reimburse the City of Jacksonville $250.00 on account of the services rendered to the child by the public defender. This appeal follows.
*499 The theft for which restitution was ordered occurred on October 19, 1994. The "powers of disposition" available to a trial court which "has jurisdiction of an adjudicated delinquent child" are enumerated in section 39.054, Florida Statutes (Supp.1994). Among those powers is that set out in subsection (1)(f), pursuant to which the court may
[a]s part of the community control program to be implemented by the Department of Juvenile Justice, or, in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child's release from commitment, order the child to make restitution in money, through a promissory note cosigned by the child's parent or guardian, or in kind for any damage or loss caused by the child's offense in a reasonable amount or manner to be determined by the court. The clerk of the circuit court shall be the receiving and dispensing agent. In such case, the court shall order the child or his parent or guardian to pay to the office of the clerk of the circuit court an amount not to exceed the actual cost incurred by the clerk as a result of receiving and dispensing restitution payments. A finding by the court, after a hearing, that the parent or guardian has made diligent and good faith efforts to prevent the child from engaging in delinquent acts absolves the parent or guardian of liability for restitution under this paragraph.
(Emphasis added.) We read the language of this subsection to mean that a court imposing restitution at disposition has three alternatives: (1) it may "order the child to make restitution in money"; (2) it may "order the child to make restitution ... in kind"; or (3) it may "order the child to make restitution... through a promissory note cosigned by the child's parent or guardian," provided that "the parent or guardian" fails to establish that he or she "has made diligent and good faith efforts to prevent the child from engaging in delinquent acts." Here, the trial court did not use any of these alternatives. Instead, it imposed direct liability for restitution on appellant.
Prior to 1994, section 39.054(1)(f) expressly authorized trial courts to "order the child or parent to make restitution in money or in kind for any damage or loss caused by the child's offense in a reasonable amount or manner to be determined by the court." § 39.054(1)(f), Fla. Stat. (1993) (emphasis added). However, the words "or parent" were deleted by the amendment which became effective on October 1, 1994. Ch. 94-209, §§ 43, 150, at 1294, 1384, Laws of Fla. Moreover, the definition of the word "parent" did not include a legal guardian. See § 39.01(39), Fla. Stat. (1993) ("`Parent' means the natural father or natural mother of a child. If a child has been legally adopted, the term `parent' means the adoptive mother or father of the child"). Thus, it does not appear that a legal guardian could have been made directly liable for restitution even before the 1994 amendment to the statute.
Neither the trial court nor the state has cited any authority to support the imposition of direct liability for restitution on appellant, and our independent research has failed to reveal any. Accordingly, we are constrained to reverse the order making appellant directly liable for restitution.
On the issue of the order directing appellant to reimburse the City of Jacksonville $250.00 on account of services rendered to the child by the public defender, it is undisputed that appellant was not afforded either notice of intent to seek such a fee from her, or an opportunity to contest its amount. Accordingly, that order is, likewise, reversed. L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA), review denied, 624 So.2d 268 (Fla.1993). On remand, the trial court may again impose such a fee, provided that appellant is given notice and an opportunity to contest its amount. See § 39.041, Fla. Stat. (1993) (addressing circumstances under which "parents or other legal guardian" may be held responsible for cost of representation by public defender).
REVERSED and REMANDED, with directions.
MICKLE and LAWRENCE, JJ., concur.