SILBERMAN, Judge.
Rafael Fernandez appeals the summary denial of his motion to correct illegal sentences. The motion was filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court’s order as to the length of the sentences because the claim was facially sufficient and was denied without explanation or supporting attachments.
Fernandez alleged that he entered a negotiated plea to several third-degree felonies, and he agreed to be sentenced as a habitual felony offender. He alleged that he was sentenced to ten years’ imprisonment followed by five years’ probation for each felony, and he claimed that his sentences are illegal because they exceed the maximum permitted habitual offender sentences for third-degree felonies. If Fernandez’s allegations are true, his sentences are illegal. See Townsend v. State, 604 So.2d 885 (Fla. 2d DCA 1992) (finding combined prison and probationary sentence illegal because it exceeded the ten-year maximum permitted sentence for a third-degree felony under the habitual offender statute). However, the trial court’s order failed to address Fernandez’s claim or to attach record documents that refute *788 it. See Dominguez v. State, 630 So.2d 1236 (Fla. 2d DCA 1994).
Accordingly, we reverse and remand for reconsideration of the claim that the sentences are illegal. If the trial court again concludes that summary denial is proper, it must set forth its rationale and attach any relevant portions of the record that conclusively show relief is not required. We have reviewed the other claims made by Fernandez and affirm the denial of relief without comment.
Affirmed in part, reversed in part, and remanded.
GREEN and DAVIS, JJ., Concur.