599 So.2d 244 (1992)
Roosevelt THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2558.
District Court of Appeal of Florida, First District.
May 26, 1992.
*245 Appellant pro se.
No appearance for appellee.
PER CURIAM.
Roosevelt Thompson has appealed an order summarily denying his motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
On March 12, 1991, Thompson tendered a guilty plea to robbery, trespass of an unoccupied structure, and resisting arrest without violence, in return for a 5-year sentence as an habitual violent felony offender (HVFO). The court ordered a pre-sentence investigation, returnable in April 1991, for the express purpose of determining Thompson's eligibility for HVFO status. At a sentencing proceeding held April 16, 1991, the court accepted Thompson's plea, adjudicated him guilty, and sentenced him to 5 years incarceration as an HVFO. Thompson did not appeal.
On May 31, 1991, Thompson filed the instant motion alleging that: 1) his prior record did not qualify him for HVFO status; 2) his plea was induced by counsel's misinformation regarding eligibility for gain-time; and 3) section 775.084, Florida Statutes (Supp. 1988) is unconstitutional. The trial court denied the motion by order of July 10, 1991, finding the allegations refuted by the transcripts of the March plea proceeding and the April sentencing proceeding. The order stated that both transcripts were attached, but only the March transcript was actually provided.
Thompson's motion was correctly denied as to the allegation that his plea was induced by his counsel's misrepresentations, in that he does not allege that, had counsel given him the correct information, he would not have entered the plea. See Duggan v. State, 588 So.2d 1054 (Fla. 1st DCA 1991). Further, the argument that section 775.084, Florida Statutes (Supp. 1988) is unconstitutional has been rejected on numerous occasions. See, e.g., Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990).
However, because Thompson could not agree as part of a plea bargain to be sentenced as an HVFO if he did not actually qualify for that classification, see Williams v. State, 591 So.2d 948 (Fla. 1st DCA 1991), his allegation that he does not have the requisite prior convictions states a ground for relief which must either be refuted by portions of the files and records, or on which further proceedings under Rule 3.850 must be held. Here, the attachment provided by the trial court, the March 1991 transcript, does not refute the allegation. In fact, it shows that the trial court ordered a pre-sentence investigation for the express purpose of determining Thompson's qualification as an HVFO. The transcript of the April 1991 proceeding at which it was presumably determined that he was so qualified was not attached.
Based on the foregoing, the order of the trial court is reversed only as to the allegation regarding qualification for HVFO classification, and remanded either for attachment of the pertinent portions of the record, or for further proceedings under Rule 3.850. The order is in all other respects affirmed.
JOANOS, C.J., and MINER and KAHN, JJ., concur.