WOLF, Judge.
Matthews appeals from an order summarily denying his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. Appellant alleged in his motion that he received ineffective assistance of counsel in that his plea was coerced as a result of misinformation provided by his attorney concerning *26 the length of time he would spend in prison. There was no specific allegation that had counsel given him the correct information, he would not have entered the plea. Without this allegation, the petition was deficient. Thompson v. State, 599 So.2d 244 (Fla. 1st DCA 1992).
Since appellant may be able to properly allege reliance on the advice of counsel, our affirmance is without prejudice to appellant pursuing a subsequent 3.850 motion on the grounds of ineffective trial counsel as a result of counsel’s alleged misrepresentations. Marsh v. State, 581 So.2d 653 (Fla. 4th DCA 1991).[1]
SMITH, J., concurs.
ALLEN, J., concurs in result only.

. We specifically decline to address whether the written plea form sufficiently refutes the allegations of ineffective assistance of counsel. A more complete picture of the circumstances surrounding the plea may be provided if a transcript of the plea conference and any other pertinent documents were attached to the trial court’s order denying relief.