PER CURIAM.
Among the grounds of Appellant’s rule 3.850 motion for post conviction relief, Appellant alleged that his plea is invalid because he agreed to be sentenced as an habitual felony offender when he did not qualify for such sentencing because he had only one prior conviction at the time of sentencing. Since the sentencing guidelines score sheet incorporated in the motion shows on its face that Appellant had only one prior felony conviction, and section 775.084(l)(a), Florida Statutes (1991), requires at least two such convictions to qualify for sentencing as an habitual felony offender, we reverse the order of the trial court denying the motion on this ground and remand for further proceedings under the rule. Contrary to the recitations in the appealed order, Appellant’s motion was not required to set forth allegations of the names of the courts and case numbers of all of his prior felony convictions. Thompson v. State, 599 So.2d 244 (Fla. 1st DCA 1992).
REVERSED AND REMANDED.
ZEHMER, C.J., and BOOTH and JOANOS, JJ., concur.