636 So.2d 792 (1994)
Alphonso L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1971.
District Court of Appeal of Florida, Fifth District.
April 29, 1994.
*793 James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
No appearance for appellee.
DIAMANTIS, Judge.
Appealing his sentence of community control, Alphonso L. Johnson contends that the trial court erred by imposing invalid conditions of community control. We affirm Johnson's sentence, but we modify one of the conditions.
The trial court imposed the following as a condition of Johnson's community control:
(m) You must be gainfully employed no less than 35 hours per week, if unemployed, you will seek employment on a daily basis as directed by the probation officer.
In imposing this condition, the trial court has required Johnson either to work 35 hours per week or, if unemployed, to seek employment on a daily basis. This condition fails to take into account the possibility that Johnson could be employed but could work less than 35 hours per week. If this event should occur due to events beyond his control, Johnson technically would be in violation of this special condition of his community control.
In Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993), we held that the trial court erred in requiring the defendant, as a special condition of probation, to maintain full-time and part-time employment because economic conditions beyond the defendant's control could prevent him from completing such a condition. Based upon the reasoning set forth in Armstrong, we modify the special condition on Johnson's community control to read, pursuant to section 948.03(1)(c), Florida Statutes (1993):
You shall work faithfully at suitable employment insofar as possible; and, if you are working less than 35 hours a week, you shall seek full-time employment as directed by the probation officer.
Johnson's challenges to two other conditions of his community control are without merit. The trial court, both orally at sentencing and in writing, properly required that Johnson submit a schedule of his activities to his probation officer. Also, the imposition of statutory costs was proper. See State v. Beasley, 580 So.2d 139 (Fla. 1991).
Accordingly, we affirm Johnson's sentence of community control as modified.
Sentence AFFIRMED AS MODIFIED.
PETERSON and THOMPSON, JJ., concur.