642 So.2d 677 (1994)
Thomas Alan BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-318.
District Court of Appeal of Florida, Fifth District.
September 30, 1994.
James B. Gibson, Public Defender, and Sean K. Ahmed, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Thomas Alan Burke appeals his sentence, contending that the trial court erred in ordering, as conditions of probation, that Burke pay a $100 public defender's lien, and that Burke obtain and maintain full-time/part-time employment. We agree and, thus, strike the public defender's lien, modify the employment condition, and remand this cause for further proceedings.
The state properly concedes that the record does not show that Burke was advised of his right to a hearing to contest the public defender's lien as required by Florida Rule of Criminal Procedure 3.720(d)(1). Therefore, the public defender's lien is stricken *678 without prejudice to the reimposition of the lien upon remand after compliance with the rule. See Fontenont v. State, 631 So.2d 379 (Fla. 5th DCA 1994); Jones v. State, 623 So.2d 627 (Fla. 5th DCA 1993); Smith v. State, 622 So.2d 638 (Fla. 5th DCA 1993). See also Bull v. State, 548 So.2d 1103 (Fla. 1989).
The state also properly concedes that the trial court erred in requiring that, as a condition of probation, Burke must obtain and maintain full-time/part-time employment. In Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993), we held that the trial court erred in requiring the defendant, as a special condition of probation, to maintain full-time and part-time employment because economic conditions beyond the defendant's control could prevent him from complying with this condition. See also Johnson v. State, 636 So.2d 792 (Fla. 5th DCA 1994). Based upon the reasoning set forth in Armstrong and Johnson, we modify this special condition of probation to require Burke to work faithfully at suitable employment insofar as may be possible. See § 948.03(1)(c), Fla. Stat. (Supp. 1992).
Accordingly, we strike the $100 public defender's lien without prejudice to reimpose it on remand after compliance with rule 3.720(d)(1), and we affirm the probation order's special condition regarding employment as modified.
As modified, AFFIRMED in part; lien QUASHED; REMANDED.
COBB and GRIFFIN, JJ., concur.