647 So.2d 1007 (1994)
Ricardo PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1457.
District Court of Appeal of Florida, Third District.
December 21, 1994.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Doquyen T. Nguyen, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
Ricardo Perez appeals his habitual felony offender classification and resultant thirty-five *1008 year incarceration sentence for cocaine possession, arguing that this sentence is contrary to section 775.084(1)(a)3., Florida Statutes (1993). We agree.
In November, 1993, Perez was charged with cocaine possession. In February of 1994, Perez was also separately charged with burglary and petit theft. A plea hearing was subsequently held on both cases, to which Perez plead no contest. He also requested a furlough before his incarceration was to begin, in order to spend some time with his mother. The defense noted, and the court agreed, that Perez could be habitualized for the burglary and petit theft convictions, but not for the separate offense of cocaine possession, which carried a maximum penalty of five years incarceration. The trial court sentenced Perez to thirty-five years in prison as an habitual felony offender for the burglary and petit theft convictions, and then granted Perez a one-week furlough, on the condition that if he returned by a given date the court would mitigate his sentence to five years on the burglary and petit theft convictions, instead of imposing thirty-five years as a habitual felony offender. Perez failed to return from his furlough, and was later picked up by the police. The trial court issued a commitment order and sentenced Perez to thirty-five years as an habitual offender on the burglary/petit theft case and also to thirty-five years on the cocaine possession case, both sentences to be served concurrently.
Section 775.084(1)(a)3., Florida Statutes (1993), does not permit the habitualization of a defendant where the felony for which the defendant is to be sentenced is a violation of section 893.13, Florida Statutes (1993), relating to the purchase or the possession of a controlled substance. The State has conceded, and we agree, that the habitual felony offender classification and thirty-five year sentence the trial court imposed on Perez was appropriate for the burglary and petit theft convictions, but illegally imposed for the cocaine possession conviction, even if the sentence was a result of a plea agreement. See Thompson v. State, 599 So.2d 244 (Fla. 1st DCA 1992).
Accordingly, we reverse the erroneously imposed thirty-five year concurrent sentence and habitual felony offender status for the cocaine possession case only, Circuit Court Case Number 93-36225, and remand for resentencing of that case to reflect a concurrent sentence appropriate to the third-degree felony of cocaine possession under section 893.13, Florida Statutes (1993). The habitualization and sentence for Circuit Court Case Number 94-3193 shall remain undisturbed.