651 So.2d 242 (1995)
Marchell D. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1966.
District Court of Appeal of Florida, Fifth District.
March 3, 1995.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Marchell D. Jackson, pro se.
No appearance for appellee.
COBB, Judge.
In this Anders appeal,[1] sentencing errors appear in the record. Jackson appeals the revocation of probation in Case No. 91-736 and the judgment and sentence imposed in Case No. 93-34234. In Case No. 93-34234, Jackson was convicted of unlawful sale or delivery of a controlled substance (Count I) and unlawful possession of a controlled substance (Count II). The written sentencing forms show that Jackson was adjudicated a habitual felony offender for both convictions. The sentencing forms further reflect, in accordance with the oral pronouncement, that Jackson was sentenced to 30 years imprisonment on Count I and 5 years imprisonment on Count II. The habitualization order, however, reflects a single sentence of 10 years imprisonment, possibly a clerical error.
Section 775.084(1)(a)3, Florida Statutes (1993), does not permit habitualization where the felony for which the defendant is to be sentenced is a violation of section 893.13, relating to the purchase or possession of a controlled substance. See Perez v. State, 647 So.2d 1007 (Fla. 3d DCA 1994). Thus, Jackson should not have been habitualized on Count II. The improper habitual offender adjudication on Count II of Case No. 93-34234 is therefore stricken.
The habitual offender sentence imposed on Count I of Case No. 93-34234, while lawful, must be remanded for entry of a corrected habitualization order, one which reflects accurately the sentence imposed upon the defendant. We affirm the order revoking probation in Case No. 91-736 and the convictions in Case No. 93-34234.[2]
*243 AFFIRMED; REMANDED FOR ENTRY OF CORRECTED HABITUALIZATION ORDER.
HARRIS, C.J., and DAUKSCH, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
[2] In Case No. 91-736, Jackson was adjudicated guilty on July 25, 1991 of unlawful possession of a controlled substance and sentenced as a habitual offender to 10 years incarceration, suspended after 119 days in county jail with the balance to be spent on probation. The habitual offender sentence for the unlawful possession conviction in Case No. 91-736 was imposed prior to the effective date of section 775.084(1)(a)3, Florida Statutes (1993). See Ch. 93-406 §§ 2, 44, Laws of Fla.