666 So.2d 158 (1995)
Steven HOUSER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2360.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
Rehearing Denied January 19, 1996.
James B. Gibson, Public Defender and Daisy G. Clements, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for appellee.
THOMPSON, Judge.
In this Anders appeal,[1] Steven Houser was convicted of sale of cocaine (count one) and possession of cocaine with intent to sell (count two). Houser was adjudicated a habitual felony offender for both convictions and received concurrent 12-year sentences. We conclude that it was error to adjudicate Houser as a habitual offender as to the possession offense, as that type of offense is excluded from consideration under the habitual offender statute. See § 775.084(1)(a)(3), Fla. Stat. (1993). See also Jackson v. State, 651 So.2d 242 (Fla. 5th DCA 1995). Accordingly, we strike the habitual offender adjudication as to count two.
We also conclude that it was error to impose a public defender's lien in the amount of $250 where Houser was not given prior notice of the lien or informed at sentencing that he had 30 days to object to the amount. See Fla.R.Crim.P. 3.720(d)(1). See also Bull v. State, 548 So.2d 1103 (Fla. 1989); Burke v. State, 642 So.2d 677 (Fla. 5th DCA 1994). We strike the public defender's lien, without prejudice on remand to reimpose it after proper notice is furnished. In all other respects, the judgment and sentences are affirmed.
AFFIRMED in part; HABITUAL OFFENDER ADJUDICATION and PUBLIC DEFENDER'S LIEN STRICKEN; and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).