677 So.2d 304 (1996)
Augusta HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2025.
District Court of Appeal of Florida, First District.
January 8, 1996.
*305 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, Judge.
Appellant contends the trial court erred in imposing an habitual felony offender sentence for the offense of possession of cocaine. We agree, and reverse the sentence imposed in circuit court case 94-1608.
In separate informations, appellant was charged with possession of crack cocaine in circuit court case 94-1608, and with burglary of a conveyance in circuit court case 94-1686. On April 12, 1995, appellant signed a written plea agreement, in which he pled no contest to the charged offenses, with the understanding that he would be sentenced as an habitual offender to concurrent 10-year terms of incarceration. At the plea and sentencing proceeding, appellant stipulated that he met the criteria for classification as an habitual offender. The trial court adjudicated appellant guilty and imposed concurrent 10-year habitual offender sentences, in accordance with the plea agreement.
Section 775.084(1)(a)3., Florida Statutes, provides that a defendant may be sentenced as an habitual offender provided "[t]he felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance." Since possession of crack cocaine is a violation of section 893.13, the habitual offender statute does not permit habitualization for appellant's conviction in circuit court case 94-1608. See Jefferson v. State, 657 So.2d 14 (Fla. 4th DCA 1995); Jackson v. State, 651 So.2d 242 (Fla. 5th DCA 1995); Perez v. State, 647 So.2d 1007 (Fla. 3d DCA 1994). Even though sentencing is imposed pursuant to a plea agreement, an habitual offender sentence imposed for a violation of section 893.13 must be reversed. Thompson v. State, 599 So.2d 244, 245 (Fla. 1st DCA 1992).
Accordingly, appellant's sentence imposed for the offense of possession of crack cocaine is reversed and remanded for resentencing pursuant to the sentencing guidelines.
MICKLE and LAWRENCE, JJ., concur.