667 So.2d 914 (1996)
Bernard WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-364.
District Court of Appeal of Florida, Third District.
February 7, 1996.
*915 Bennett H. Brummer, Public Defender, and Sally M. Richardson, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before BARKDULL, JORGENSON and LEVY, JJ.
PER CURIAM.
The appellant was convicted of the sale of cocaine, possession of cocaine and possession of drug paraphernalia. At sentencing, he was determined to be a habitual felony offender and sentenced to twelve years imprisonment.
Williams first contends that his sentence as a habitual felony offender is not authorized by Florida Statute § 775.084(1)(a), (3) (1993) because that section does not permit a violation of Florida Statute § 893.13 to serve as a predicate conviction. Florida Statute § 775.084(1)(a), (3) states that "[t]he felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance; ...." Williams asserts that the words purchase or possession in that section merely serve to generally describe Florida Statute § 893.13 and do not limit the application of § 775.084(1)(a), (3) to only purchase or possession offenses. We do not agree.
The Fifth District has applied section 775.084(1)(a), (3), Florida Statutes (1993) in this context to only purchase or possession offenses. See Houser v. State, 666 So.2d 158 (Fla. 5th DCA 1995); Jackson v. State, 651 So.2d 242 (Fla. 5th DCA 1995). In addition, Williams' contention that there is no reason to treat the sale of cocaine differently than the purchase or possession of cocaine is completely without merit. Therefore we affirm Williams' habitual felony offender sentence.
Williams next contends that his scoresheet incorrectly assessed 42 points for the additional offense of possession of cocaine. The state concedes that the scoresheet was incorrectly calculated and that the correct point total should be 175, rather than the 209 currently reflected on the scoresheet. The state asserts however, that the guidelines do not apply when a defendant is habitualized and so the sentence need not be remanded for correction.
The lower court judge sentenced Williams to 12 years in prison. The incorrect scoresheet showed a recommended range of 9 to 12 years. Although the judge was permitted to impose a sentence of up to 30 years, it is possible that he referred to the incorrect scoresheet during sentencing. Therefore, in an abundance of caution, we remand for resentencing based upon a correctly calculated scoresheet. See Parker v. State, 506 So.2d 86 (Fla. 2d DCA 1987).
Affirmed in part; reversed in part and remanded for resentencing.