677 So.2d 53 (1996)
Christopher Lawrence RIVERS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2394.
District Court of Appeal of Florida, First District.
July 12, 1996.
*54 David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this matter presented to us pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we see no error affecting the convictions and therefore affirm. We affirm the sentence except we remand to strike improperly imposed costs and to vacate the imposition of a public defender's lien and order of restitution without prejudice to the reimposition thereof upon compliance with the proper procedures as set forth below.
The trial court orally ordered the defendant to pay a lump sum of $500 in court costs. We strike the assessment because the trial court failed to provide notice and failed to consider defendant's financial resources and other factors in making the decision to assess these discretionary costs. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Additionally, the $500 court costs assessment is fatal because no statutory authority is cited. McCray v. State, 665 So.2d 384 (Fla. 1st DCA 1996). The record herein fails to reflect compliance with these requirements. Our disposition herein is without prejudice to reimposition of these costs on remand after following the procedures outlined in Reyes.
We also strike the imposition of a public defender's lien in the amount of $250. The lien was imposed without adequate factual or legal basis shown in the record and the defendant was not advised of his right to a hearing to contest the amount thereof. We remand with directions to advise the defendant of his right to a hearing and, if a hearing is requested, to set one pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). Kirby v. State, 658 So.2d 1232 (Fla. 1st DCA 1995).
With regard to restitution, the trial court orally announced at sentencing a restitution amount as indicated on the presentence investigation report, but failed to announce the amount. The written sentence also fails to indicate the amount ordered. The manner in which restitution was imposed deprived the defendant of opportunity to be heard with regard to the amount of loss sustained by the victim as well as defendant's ability to pay the assessed amount. Accordingly, the restitution is vacated and remanded to the lower court for reimposition if appropriate, on proper notice, hearing and pronouncement in compliance with section 775.089, Florida Statutes (1993).
Lastly, we remand as to the provision in the written sentencing order regarding waiver of supervision fees with directions that the trial court correct the written sentencing order *55 to conform with its oral pronouncement. The trial court waived supervision fees so long as the defendant was current on all his other payments of court costs and restitution. In the written sentencing order, it states that supervision fees are waived until costs and restitution are paid. The written order must be corrected to reflect that if the defendant timely pays all costs and restitution that he will not incur any supervision fees.
The judgment and sentence are AFFIRMED in all other respects. REMANDED.
WEBSTER and MICKLE, JJ., and SHIVERS, Senior Judge, concur.