678 So.2d 1362 (1996)
Troy D. MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2671.
District Court of Appeal of Florida, First District.
August 20, 1996.
*1363 Nancy A. Daniels, Public Defender; Alisa Smith, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
In this direct appeal of a judgment and sentence, the appellant, Troy Mitchell, alleges six grounds for relief. We affirm the judgment of conviction but reverse, in part, the sentence and remand for further proceedings.
As his first ground for relief, Mitchell contends that the trial court failed to conduct an adequate inquiry in accordance with Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), after Mitchell orally expressed to the trial court his dissatisfaction with appointed trial counsel. Having reviewed the colloquy in which the able trial judge 1) heard Mitchell's complaints about incompetent counsel, 2) questioned Mitchell at length to ascertain Mitchell's understanding of his rights and options, and 3) engaged counsel in an attempt to clarify and resolve the issues, we conclude that the trial court did not abuse its discretion in finding that counsel was "doing what a competent lawyer should be doing." Mitchell failed to demonstrate reasonable cause to suspect ineffectiveness of counsel. Because Mitchell's other allegations lack specificity or relate to "conflict rather than incompetency of counsel," Nelson did not require a full inquiry. Kearse v. State, 605 So.2d 534, 536-37 & n. 3 (Fla. 1st DCA 1992), rev. den., 613 So.2d 5 (Fla.1993); Wilder v. State, 587 So.2d 543 (Fla. 1st DCA 1991); Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990). It is noteworthy that after voicing his complaints, Mitchell proceeded to trial with appointed counsel and made no additional attempt to dismiss his attorney or to seek self-representation. Kott v. State, 518 So.2d 957 (Fla. 1st DCA 1988).
As his second claim of error, Mitchell asserts that the prosecutor made improper burden-shifting comments during closing argument. The state responds persuasively that this issue was not properly preserved for appellate review. Even if we assume that the issue were preserved, we conclude that the prosecutor's remarks were an invited, fair reply to initial remarks made by defense counsel and, when considered in context, did not constitute prejudicial error so as to require a new trial. Lynn v. State, 395 So.2d 621 (Fla. 1st DCA), rev. den., 402 So.2d 611 (Fla.1981); Meeks v. State, 667 So.2d 1002 (Fla. 3d DCA), rev. den., 677 So.2d 840 (Fla.1996); Irving v. State, 627 So.2d 92 (Fla. 3d DCA 1993); Shaara v. State, 581 So.2d 1339 (Fla. 1st DCA 1991); Cook v. State, 391 *1364 So.2d 362 (Fla. 1st DCA 1980). We affirm Mitchell's conviction.
The third ground for relief relates to sentencing. The jury returned a verdict of guilty as charged in Counts I (grand auto theft), III (possession of cocaine), IV (fleeing and attempting to elude an officer), and V (possession of drug paraphernalia). After being classified as an habitual felony offender, Mitchell received concurrent sentences of 8 years (Count I), 3-½years (Count III), and 1 year (Count V). The 5-year sentence in Count IV was ordered to run consecutively to the other counts. Mitchell alleges, and the state concedes, partial error. It is reversible error to habitualize Mitchell for the Count III offense of possession of cocaine. § 775.084(1)(a)3, Fla. Stat. (1993) (expressly excluding from habitualization § 893.13 crimes "relating to the ... possession of a controlled substance," including cocaine); Jackson v. State, 651 So.2d 242 (Fla. 5th DCA 1995); Perez v. State, 647 So.2d 1007 (Fla. 3d DCA 1994) (defendant could not be habitualized for possession of cocaine). Additionally, a defendant cannot be habitualized for a misdemeanor. Pace v. State, 662 So.2d 1001 (Fla. 1st DCA 1995); Cribbs v. State, 599 So.2d 246 (Fla. 1st DCA 1992); DuBose v. State, 585 So.2d 1198 (Fla. 1st DCA 1991). Therefore, it is reversible error to habitualize Mitchell's sentence in Count V for possession of drug paraphernalia, a first-degree misdemeanor pursuant to section 893.147(1), Florida Statutes. We strike these two habitual felony offender adjudications and remand for resentencing in Counts III and V.
We find no merit to Mitchell's challenge of the judgment directing Count IV to run consecutively to the other counts. The appellant correctly states the law that "a trial court is without authority to enhance sentences from multiple crimes committed during a single criminal episode by both sentencing a defendant as a habitual offender and ordering that the sentences be served consecutively." State v. Hill, 660 So.2d 1384, 1386 (Fla.1995) (emphasis added); Hale v. State, 630 So.2d 521 (Fla.1993), cert. den., ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). In determining whether the charges are sufficiently separate in nature, time, and place to permit the sentences to run consecutively, a court must consider the specific facts in the particular case. Daniels v. State, 595 So.2d 952 (Fla.1992); Parker v. State, 633 So.2d 72, 75-76 (Fla. 1st DCA), rev. den., 639 So.2d 980 (Fla.1994). Such an analysis permits a court to draw reasonable inferences in determining whether the facts show separate criminal episodes. Garrison v. State, 654 So.2d 1176 (Fla. 1st DCA 1994). Count IV arose from Mitchell's attempt to elude the police officer who had conducted a tag check and discovered that the 1985 Pontiac Trans Am that Mitchell was driving was a stolen vehicle. The ensuing high-speed chase ended 22 blocks later when the Trans Am failed to negotiate a turn, blew a tire, and went into a spin. Mitchell escaped the vehicle and led the officer on a foot chase that ended in the suspect's apprehension a short time later. Count I, on the other hand, addressed the theft of the automobile. Thus, the offenses were directed at two different persons or victims. Furthermore, the "nature and manner of commission" of the acts are distinct. Murray v. State, 491 So.2d 1120 (Fla.1986). Finally, the timing and location of the offenses are separable. Given that the nature of the crimes, the time and location, and the victims differ, we conclude that the record supports the making of the Count IV sentence consecutive to Count I. The cases offered by the appellant to support a contrary result are factually quite distinguishable.
Mitchell's fourth argument was addressed and rejected in Dennis v. State, 673 So.2d 881 (Fla. 1st DCA 1996) (rejecting defendant's challenge to the Fourth Circuit's creation of repeat offender court by administrative order).
As his fifth ground, Mitchell contends that he was not adequately advised of his right to a hearing to contest the amount of a public defender's lien imposed pursuant to section 27.56, Florida Statutes (1993), and Florida Rule of Criminal Procedure 3.720(d). We disagree, concluding that the trial court complied with the notice requirements mandated by the statute and L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA), rev. den., 624 So.2d 268 (Fla.1993). Although Mitchell indicated *1365 some initial confusion about the nature of the lien and his right to challenge the imposition of such lien, the record demonstrates that Mitchell had the opportunity to confer with counsel and that the trial court adequately informed Mitchell of his rights. Mitchell's subsequent oral responses to questioning constitute a valid waiver of the right to a hearing. Bull v. State, 548 So.2d 1103 (Fla. 1989). Accordingly, we affirm the imposition of the $300.00 lien.
The sixth issue relates to assessment of costs. At sentencing, the trial court orally announced (without objection) lumpsum court costs of $353.00. In its subsequent written order, the court itemized these costs. We affirm the imposition of $253.00 in statutorily mandated costs, for Mitchell was put on constructive notice of such costs, and the trial court was not required to announce these specific amounts orally. State v. Beasley, 580 So.2d 139 (Fla.1991); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). Because the remaining $100.00 (for "CLDA") 1) was not clearly described at sentencing, 2) lacks a specific statutory authority in the written order, and 3) may be an unidentified mandatory cost or a merely discretionary cost, we are constrained to strike the $100.00 for failure to provide the appellant with adequate notice and an opportunity to be heard. Brooks v. State, 676 So.2d 48 (Fla. 1st DCA 1996); Pollock v. State, 666 So.2d 1016 (Fla. 1st DCA 1996); McCray v. State, 665 So.2d 384 (Fla. 1st DCA 1996). On remand, the state may seek reimposition of appropriate costs in accordance with the procedures set forth in Reyes, 655 So.2d at 111, and in Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995). Rivers v. State, 677 So.2d 53 (Fla. 1st DCA 1996); Madison v. State, 664 So.2d 1140 (Fla. 5th DCA 1995).
In summary, Mitchell's convictions are AFFIRMED. We REVERSE the habitual felony offender adjudications in Counts III and V and REMAND for resentencing. We AFFIRM the sentences for Counts I and IV, including the condition that Count IV be consecutive. We AFFIRM the imposition of a public defender's lien and $253.00 in mandated statutory costs, but we STRIKE the undesignated remaining $100.00 in court costs.
ALLEN, J. and SHIVERS, Senior Judge, concur.