679 So.2d 354 (1996)
John W. DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0363.
District Court of Appeal of Florida, Fifth District.
September 6, 1996.
*355 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
The defendant appeals his judgment and sentence for the crime of possession of cocaine with intent to sell.[1] Specifically, the defendant argues that the trial court erred in adjudicating him to be an habitual offender pursuant to section 775.084, Florida Statutes (1993), and imposing a lien for the services of the public defender without advising him of his right to contest the amount of the lien. We reverse.
Section 775.084(1)(a)3 provides for enhanced sentences for those defendants qualifying as habitual offenders under the statute. However, the statute specifically excludes those defendants who are being sentenced for violations of section 893.13, Florida Statutes, relating to the purchase or possession of a controlled substance. Thus, it was error to adjudicate the defendant to be an habitual offender for the instant offense of possession of cocaine with intent to sell. Houser v. State, 666 So.2d 158 (Fla. 5th DCA 1995).
The state acknowledges the holding in Houser but urges this court to recede from that ruling in light of the supreme court's ruling in Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). We conclude that Houser is still viable. In approving an habitual offender sentence for the crime of possession of cocaine with intent to sell, the supreme court in Hale was construing the 1991 version of the habitual offender statute. This earlier version of the statute did not contain the provision excluding violations of section 893.13 from consideration for enhanced habitual offender sanctions. See § 775.084(1)(a), Fla. Stat. (1991). In contrast, the 1993 version of the statute was in effect when both the defendant in Houser and the defendant in the instant case were sentenced.
The defendant also argues that he was not advised of his right to challenge the amount of the lien imposed for the services of the public defender. The record before us supports this claim, and, therefore, we must reverse. On remand, the trial court may reconsider the imposition of the fee after compliance with Florida Rule of Criminal Procedure 3.720(d)(1). See Allmond v. State, 668 So.2d 1120 (Fla. 5th DCA 1996).
Accordingly, we vacate the habitual offender adjudication and the public defender's lien and remand for reconsideration of these issues.
VACATED and REMANDED.
PETERSON, C.J., and GOSHORN, J., concur.
NOTES
[1] § 893.13(1)(a)1, Fla. Stat. (1993).