684 So.2d 254 (1996)
Bobby BALDWIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-00015.
District Court of Appeal of Florida, Third District.
December 4, 1996.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.
*255 Robert A. Butterworth, Attorney General, and Keith S. Kromash, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and SHEVIN, JJ.
COPE, Judge.
Bobby Baldwin appeals his habitual offender sentence for tampering with evidence. We conclude that the trial court correctly interpreted the habitual offender statute and that a habitual offender sentence was permissible in this case.
Defendant-appellant Baldwin was convicted on count one of possession of cocaine in violation of section 893.13, Florida Statutes (1993). On count two he was convicted of tampering with evidence in violation of section 918.13, Florida Statutes (1993). At sentencing, the trial court imposed a guidelines sentence on count one, and a habitual offender sentence on count two.
The applicable version of the habitual offender statute prohibits a habitual offender adjudication when the felony for which the defendant is to be sentenced is "a violation of s. 893.13 relating to the purchase or the possession of a controlled substance ...." § 775.084(1)(a)3, Fla. Stat. (1993).[1] The parties agree that a habitual offender disposition was not possible on count one, because defendant's conviction was for possession of cocaine in violation of section 893.13.
On count two the trial court adjudicated defendant a habitual offender and imposed a habitual offender sentence. Defendant argues that habitual offender treatment should be ruled out on count two, as well as count one, because of the circumstances of his tampering conviction. In this case police officers observed defendant place several small baggies of what appeared to be crack cocaine in his mouth. When the officers arrested defendant, they ordered him to spit out the suspected contraband. Defendant instead chewed and swallowed it. Defendant was convicted of tampering for his refusal to spit out the suspected cocaine.[2]
Defendant argues that the legislative intent was to preclude habitual offender adjudication for possession of small amounts of cocaine. He urges that under the circumstances, his tampering conviction amounts to an indirect conviction of cocaine possession. He asks this court to treat the count two conviction the same as if it had been a conviction under section 893.13 for possession of cocaine.
In previous cases, this court has taken the position that this part of the habitual offender statute should be construed as written. The habitual offender statute precludes habitual offender adjudication if the offense at conviction (1) is for a violation of section 893.13, Florida Statutes, and (2) is for either purchase or possession of a controlled substance. Both conditions must be met. Compare Grene v. State, 21 Fla. L. Weekly D 1145, ___ So.2d ___ [1996 WL 252248] (Fla. 3d DCA May 15, 1996) (habitual offender adjudication impermissible where defendant was convicted of violation of section 893.13, Florida Statutes, for possession with intent to sell cocaine) with Williams v. State, 667 So.2d 914 (Fla. 3d DCA 1996) (habitual offender adjudication permissible where defendant was convicted of violation of section 893.13, Florida Statutes, for sale [rather than purchase or possession] of cocaine).
In the present case, defendant's conviction on count two is not under section 893.13, Florida Statutes, but instead is under the tampering statute, section 918.13, Florida Statutes. Since by its terms the habitual offender statute only excludes convictions under section 893.13 for purchase or possession of a controlled substance, it follows that the trial court correctly interpreted the statute *256 to allow habitual offender adjudication on the count two, the conviction for tampering with evidence.
Although the trial court's oral pronouncement was that the habitual offender adjudication would be imposed on count two only, there is a scrivener's error in the sentencing order which imposed the habitual offender adjudication on both counts. Consequently, we remand for correction of the sentencing order to conform to the oral pronouncement.
Affirmed as to count two; remanded for correction of sentencing order as to count one.
NOTES
[1] The habitual offender statute states:

(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
....
3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance....
Id.
[2] On count one defendant was convicted of possession of different cocaine than that which was believed to be in his mouth.