PER CURIAM.
This is an appeal from a summary denial of a rule 3.850 motion. We affirm on all grounds except one, because the record is insufficient on that ground.
Appellant argues that the trial court erred in sentencing him as a habitual, offender for possession with intent to sell. Effective June 1993, section 775.084(l)(a)3, Florida Statutes (1993), was amended to allow enhanced sentencing as a habitual offender, so long as “[t]he felony for which the defendant is to be sentenced ... is not a violation of s. 898.13 relating to the purchase or the possession of a controlled substance.” § 775.084(l)(a)3.
Because the record does not reveal the date of appellant’s offense, we must reverse and remand for the trial court to determine whether the amendment applies to appellant. If the amendment is applicable, the habitual offender sentence would be improper because possession with intent to sell is a violation of section 893.13, which relates to the possession of a controlled substance. See § 775.084(l)(a)3; Grene v. State, — So.2d -[1996 WL 252248], 21 Fla. L. Weekly D1145 (Fla. 3d DCA May 15, 1996); Williams v. State, 667 So.2d 914 (Fla. 3d DCA 1996); Houser v. State, 666 So.2d 158 (Fla. 5th DCA 1995); Palmer v. State, 664 So.2d 1162(Fla. 5th DCA 1995).
STONE, FARMER and KLEIN, JJ., concur.