ANTOON, Judge.
Raymond E. Stover appeals his sentence, arguing that the trial court eiTed in assessing a lien for the payment of the public defender’s fees. Specifically, Mr. Stover contends that the trial court erred in imposing the lien without first giving him the opportunity to contest the amount at the time of sentencing. We agree.
Rule 3.720(d)(1), Florida Rules of Criminal Procedure, provides:
RULE 3.720 SENTENCING HEARING
* * * * * *
(d)(1) If the accused was repi-esented by a public defender ... the court shall notify the accused of the imposition of a lien pursuant to section 27.56, Florida Statutes. The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused’s right to a hearing to contest the amount of the lien shall be given at the time of sentence.
(Emphasis added). The rule requires that notice be given at sentencing. Here, the final judgment imposing the lien contains a provision notifying the defendant that he may request a hearing to contest the amount of the lien within 30 days of the entry of the final judgment. However, there is no indication in the record that this notice was given to Mr. Stover prior to the imposition of the sentence. Accordingly, we are required to strike the lien without prejudice to reimposition after compliance with the rule. Burke v. State, 642 So.2d 677 (Fla. 5th DCA 1994).
*1027 We understand how the imposition of public defenders’ fees can be overlooked or mishandled at sentencing hearings. In many jurisdictions, sentencing dockets have become physically challenging for trial judges due to the large volume of cases. At sentencing hearings, in addition to imposing-sentence, the trial judge must consider pre-sentence investigation reports, as well as complex and detailed sentencing guidelines scoresheets. At times, the trial judge is required to make findings regarding the appropriateness of adult sanctions for juvenile offenders, habitual offender and youthful offender status, and departure from the guidelines. In many of these proceedings, the trial judge must hear from the defendants, the victims, and other witnesses in order to make the necessary findings with regard to matters such as restitution and victim injury. In addition, often times there is the requirement that special conditions of probation be orally announced. Through all of this, the trial judge seeks to ensure that sentencing decisions are meaningful and understood'by all who are interested.
We have observed that liens in favor of the public defender, as important as they may be, are often inadvertently overlooked. Perhaps a statute or court rule should be created which would place all defendants on notice of the amount of the fee at the time they accept the services of the public defender. Such a scheme would afford the defendant proper notice while at the same time provide the trial court with slightly more time to address other relevant issues at sentencing. Such a statute or rule would also eliminate the recurring situation of an assistant public defender failing to object to the trial court’s failure to advise the defendant of his right to challenge the amount of the fee at sentencing but later raising the issue for the first time on appeal. Furthermore, such a change in the law would avoid the public expense of appeals resulting in opinions such as this involving what perhaps should be a ministerial issue.
In any event, we affirm Mr. Stover’s judgment and sentence but strike the lien in favor of the public defender without prejudice to reimpose it on remand after compliance with rule 3.720(d)(1).
AFFIRMED in part; Public Defender’s lien STRICKEN; REMANDED.
PETERSON, C.J., and GRIFFIN, J., concur.