PER CURIAM.
Darren Barber appeals his habitual felony offender classification and resultant enhanced sentence for possession of cocaine with intent to sell, arguing that Section 775.084(l)(a)3, Florida Statutes (1995), does not permit such classification for this crime. We agree.
In May 1996, Barber was charged with and convicted of the following offenses: (1) sale of cocaine and (2) possession of cocaine with intent to sell or distribute. The court below applied the habitual felony offender statute, Section 775.084(l)(a)3, Florida Statutes (1995), to both offenses and sentenced Barber to fifteen (15) years on each count, the sentences to run concurrently.
Barber argues that the trial court erred in sentencing him as a habitual offender for the conviction on possession of cocaine with the intent to sell. Section 775.084(l)(a)3, Florida Statutes (1995), does not permit enhanced sentencing as a habitual offender if the felony is “a violation of Section 893.13 relating to *326 the purchase or possession of a controlled substance.” Here, Barber’s conviction of possession of cocaine with intent to sell is a violation of Section 893.13 and so falls within this prohibition. We find, and the State concedes, that the habitual felony offender classification and resultant enhanced sentence the trial court imposed on Barber was improper as it concerns the possession conviction. Grene v. State, 21 Fla. L. Weekly D1145, — So.2d -, 1996 WL 252248 (Fla. 3d DCA May 15, 1996); Perez v. State, 647 So.2d 1007 (Fla. 3d DCA 1994).
Although the habitual felony offender statute was properly applied to the sale of cocaine charge, we vacate the sentences on both charges below and remand to the trial court for resentencing on the conviction of both charges.
Sentences below vacated; remanded to trial court for resentencing.