703 So.2d 1186 (1997)
Cory ELLIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-3405.
District Court of Appeal of Florida, Third District.
December 24, 1997.
Bruce A. Alter, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before GERSTEN, FLETCHER and SHEVIN, JJ.
FLETCHER, Judge.
Cory Ellis appeals the denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, contending that his enhanced habitual felony offender sentence was improperly imposed following his convictions on charges of possession with intent to sell marijuana and cocaine, § 893.13, Fla. Stat. (1993). We agree with Ellis and reverse and remand with directions that the habitual felony offender sentence imposed be vacated and that Ellis be resentenced.
The habitual felony offender sentencing statute specifically exempts from its application criminal defendants who are convicted of "a violation of s.893.13 relating to the purchase or the possession of a controlled substance." See § 775.084(1)(a)3, Fla. Stat. (1993); Barber v. State, 699 So.2d 325 (Fla. 3d DCA 1997); Baldwin v. State, 684 So.2d 254 (Fla. 3d DCA 1996); Grene v. State, 702 So.2d 510 (Fla. 3d DCA 1996)(modified on other grounds en banc, Sept. 3, 1997). In making its ruling below, the trial court had before it the Grene decision from this court, yet declined to follow its mandatory authority. Instead, the trial court attempted to distinguish Ellis' case based on its perception of the legislative intent behind section 775.084, Florida Statutes and the amount of controlled substance Ellis possessed at the time of his arrest (which the court believed showed it was not possessed for Ellis' personal use). This distinction cannot be approved however, because Ellis, as in Grene, was charged with and convicted only of a possession with intent to sell violation of section 893.13, Florida Statutes, not with the actual sale of the controlled substances, see, e.g. Williams v. State, 667 So.2d 914 (Fla. 3d DCA 1996), and the habitual felony offender statute clearly exempts such convictions from its coverage without any limitation based on the amount of substance possessed or the defendant's subjective intent regarding personal use. Further, despite the numerous *1187 opinions from this and other District Courts of Appeal decided in 1995 and 1996 holding that convictions for possession with intent to sell under section 893.13 cannot receive habitual felony offender sentencing treatment,[1] the Florida Legislature met in 1997 and specifically reenacted section 775.084 without making any changes to subsection (1)(a)3. See ch. 97-97, Laws of Fla. Under such circumstances, the legislature is presumed to have been aware of the construction placed on the statute by the courts and to have adopted that construction. See Wood v. Fraser, 677 So.2d 15, 18 (Fla. 2d DCA 1996).
Finally, although we understand the trial court's good intentions, when confronted with binding precedent, trial judges are obliged to follow that precedent even if they might wish to decide the case differently. Wood, 677 So.2d at 19. Unless and until section 775.084(1)(a)3, Florida Statutes is changed, a criminal defendant convicted only of a violation of either the purchase or possession portions of section 893.13, Florida Statutes may not receive an enhanced sentence under the habitual felony offender statute.
Reversed, sentence vacated and remanded for resentencing.
NOTES
[1] See, e.g., Barber; Grene; Harris v. State, 695 So.2d 742 (Fla. 1st DCA 1996); Baldwin; Wright v. State, 683 So.2d 1166 (Fla. 4th DCA 1996); Houser v. State, 666 So.2d 158 (Fla. 5th DCA 1995).