PER CURIAM.
Appellant Michael Adams appeals the denial of his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We find cognizable one ground of that motion: that he received an illegal habitual sentence on one count of possession of cocaine and one count of possession of cannabis.[1] The trial court’s order of denial explained that Appellant was sentenced as a habitual offender only on his *138 delivery of cocaine charges. However, the trial court did not attach any portions of the record, such as sentencing documents, to support its denial. Therefore, we reverse on this ground only and remand for further proceedings. If the trial court again denies this ground of the motion, it should attach sentencing documents that show Appellant was not sentenced as a habitual offender on his possession counts.
We affirm as to Appellant’s other grounds, finding them to be without merit.
Affirmed in part; reversed in part and remanded.
KLEIN, STEVENSON and SHAHOOD, JJ., concur.

. Section 775.084, Florida Statutes, the habitual offender statute, provides for sentencing under that statute if "[t]he felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance ." § 775.084(l)(a)3, Fla. Stat. (1997). A habitual offender sentence is illegal for purposes of rule 3.800(a) only if its terms and conditions exceed those authorized by section 775.084 for the offense, or a prior offense essential to the categorization does not actually exist. See Judge v. State, 596 So.2d 73, 78 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla.1992). A claim that one has been habitualized on a drug possession charge, when the statute *138 does not allow such sentencing, is cognizable on a rule 3.800(a) motion. See, e.g., Ellis v. State, 703 So.2d 1186 (Fla. 3d DCA 1997).