850 So.2d 664 (2003)
Blending HUGHES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1539.
District Court of Appeal of Florida, First District.
July 29, 2003.
Bernard F. Daley, Jr., Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant pled no contest to armed robbery and was sentenced as a habitual felony offender to ten years' imprisonment followed by three years' probation. The court relied upon appellant's prior convictions for possession of cocaine and obtaining or attempting to obtain a controlled substance by fraud as predicate offenses to impose the habitual offender sentence. Under section 775.084(1)(a)(3), Florida Statutes (1999), a defendant cannot be habitualized unless "[t]he felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or possession of a controlled substance."
In 1994, appellant was separately convicted of possession of cocaine and of violating section 893.13(3)(a)1, Florida Statutes (1991) which states that:
(3)(a) It is unlawful for any person:
1. To acquire or obtain, or attempt to acquire or obtain, possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge.
(Emphasis added). The state apparently concedes appellant's conviction for possession *665 of cocaine is a violation of s. 893.13 relating to the purchase and possession of a controlled substance. The state argues, however, the appellant may still be sentenced as a habitual felony offender because appellant's conviction for obtaining possession of a controlled substance by fraud is not an offense relating to the purchase and possession of a controlled substance. We disagree.
The statute prohibiting a person from acquiring or obtaining a controlled substance by fraud requires an intent to possess a controlled substance. It is therefore, on its face, a violation of s. 893.13 relating to the purchase or possession of a controlled substance. Because both of the predicate crimes relied upon by the court in sentencing appellant are offenses relating to the purchase or possession of a controlled substance, appellant did not qualify for an enhanced sentence under the habitual offender statute. See Woods v. State, 807 So.2d 727, 729 (Fla. 1st DCA 2002).
Because the appellant was improperly habitualized, we reverse and remand to the trial court for resentencing. If, however, the appellant's plea was predicated upon habitualization, the trial court must permit the state to either (i) allow appellant to be resentenced without imposition of habitual offender status, or (ii) withdraw from the plea agreement and proceed to trial. See Wade v. State, 822 So.2d 550 (Fla. 1st DCA 2002); Lee v. State, 642 So.2d 1190 (Fla. 1st DCA 1994).
REVERSED and REMANDED with directions.
KAHN, WEBSTER and POLSTON, JJ., concur.