COHEN, J.
Bernard Dougherty appeals the summary denial of his rule 3.800(a) motion to correct illegal sentence. Dougherty raises three claims, only one of which merits discussion.
Dougherty was charged with three offenses: resisting an officer with violence in violation of section 843.01, Florida Statutes (1999); acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge in violation of section 893.13(7)(a)(9), Florida Statutes (1999); and criminal use of personal identification information in violation of section 817.568(2), Florida Statutes (1999). At trial, the criminal use of personal identification information charge was nolle prossed. Dougherty was convicted of the remaining two charges and sentenced on both counts as a habitual felony offender. The issue for our determination is whether acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge is a qualifying offense under the habitual felony offender statute. We conclude it is not, and reverse for re-sentencing on that count.
Section 775.084, Florida Statutes (1999), sets forth the criteria for habitual felony offender sentencing. Relevant to this case, a defendant is not eligible for habitual felony offender sentencing if the “felony for which the defendant is to be sentenced, and one of the two prior felony convictions,” is a violation of section 893.13, which relates to the purchase or possession of a controlled substance. § 775.084(l)(a)3. (Emphasis supplied.) The trial court’s interpretation of the statute focused upon the Legislature’s use of the conjunctive “and” in section 775.084(l)(a)3. In denying relief, the trial court reasoned that habitual felony offender sentencing was precluded only when both portions of the statute were present. Thus, the trial court interpreted the statute to provide that even if the offense for which the defendant was to be sentenced related to the purchase or possession of a controlled substance, as long as one of the prior convictions was not a violation of section 893.13, the defendant was subject to habitual felony offender sanctions. That interpretation is inconsistent with controlling precedent. See Daniels v. State, 679 So.2d 354 (Fla. 5th DCA 1996); Pittman v. State, 733 So.2d 594 (Fla. 3d DCA 1999); Ellis v. State, 703 So.2d 1186 (Fla. 3d DCA 1997).
The statute reflects the legislative intent to exempt purchase or possession of controlled substances from habitual felony *734 offender enhanced sentencing. Although acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge requires a fraudulent method in obtaining the controlled substance, it clearly relates to possession of a controlled substance and is included within section 893.13. Its use as the primary offense or as more than one of the predicate prior offenses for habitual felony offender sentencing is improper. See Hughes v. State, 850 So.2d 664 (Fla. 1st DCA 2003). The trial court erred in sentencing Dougherty as a habitual offender on this count. Dougherty’s remaining arguments are without merit.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
PALMER, J., concurs.
LAWSON, J., concurs and concurs specially, with opinion.