LAWSON, J.,
concurring specially.
If we were not bound by this court’s prior panel decision in Daniels v. State, 679 So.2d 354 (Fla. 5th DCA 1996), I would affirm. Section 775.084(l)(a)3., Florida Statutes, is unambiguous. By its clear terms, it precludes habitual felony offender sentencing only where the “felony for which the defendant is to be sentenced, and one of the two prior felony convictions is a violation of section 893.13” which relates to the purchase or possession of a controlled substance. In this case, the prior felonies used to enhance Dougherty’s conviction were for robbery and carrying a firearm without a license. Because neither of the prior felony convictions related to the purchase and possession of a controlled substance, section 775.084(l)(a)3., by its clear and unambiguous terms, does not preclude Dougherty’s habitual felony offender sentence on the possession-related charge for which he was sentenced in this case. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (“[W]hen the language of the statute is clear and unambiguous ... the statute must be given its plain and obvious meaning.”).