IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTONIO R. HERNANDEZ,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0363

Opinion filed July 7, 2014.

An appeal from the Circuit Court for Columbia County.
Julian E. Collins, Judge.

Antonio R. Hernandez, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.

WETHERELL, J.

      In this postconviction case, the appellant, Antonio R. Hernandez, contends that his habitual felony offender (HFO) sentence for possession of contraband in a state correctional facility is illegal because the contraband he possessed was a controlled substance. The trial court concluded that the sentence is legal because possession of contraband in a state correctional facility is not a violation of section

893.13, Florida Statutes. We agree and, therefore, affirm the trial court's order denying Hernandez's rule 3.800(a) motion.

In 2006, following a plea, Hernandez was convicted of possession of contraband in a state correctional facility in violation of section 944.47, Florida Statutes. The contraband possessed by Hernandez was cannabis, and as a result, he was also convicted of possession of cannabis in violation of section 893.13, Florida Statutes. Hernandez was sentenced as an HFO to 16 years in prison for the possession of contraband conviction, but the prison term was suspended conditioned upon Hernandez's successful completion of community control and probation. In 2008, after Hernandez admitted a probation violation, the trial court revoked his probation and imposed the previously-suspended prison sentence. Hernandez did not file a direct appeal.

In 2013, Hernandez filed a rule 3.800(a) motion alleging that his HFO sentence is illegal because the possession of contraband conviction upon which it is based involved the possession of a controlled substance.[1] The trial court denied the motion, but noted the absence of any controlling authority from this court on

---

[1] The motion did not challenge the legality of Hernandez's concurrent non-HFO sentence for possession of cannabis. This court previously affirmed orders denying Hernandez's postconviction motions challenging that conviction and sentence on double jeopardy grounds. Hernandez v. State, 81 So. 3d 420 (Fla. 1st DCA 2011) (table); Hernandez v. State, 53 So. 3d 1027 (Fla. 1st DCA 2010) (table).

the issue raised by Hernandez.[2]  This appeal followed.

A defendant may be sentenced as an HFO if the criteria in section 775.084(1)(a), Florida Statutes, are met.  Here, Hernandez contends that his HFO sentence is illegal because the possession of contraband conviction does not meet the criterion in subparagraph (1)(a)3. of the HFO statute. That subparagraph provides in pertinent part that a defendant may not be sentenced as an HFO for an offense that is "a violation of s. 893.13 relating to the purchase or the possession of a controlled substance."  § 775.084(1)(a)3., Fla. Stat. (2005).

In support of the argument that his HFO sentence is illegal, Hernandez relies primarily on Hughes v. State, 850 So. 2d 664 (Fla. 1st DCA 2003), in which this court held that the defendant was improperly sentenced as an HFO based upon his prior conviction for obtaining a controlled substance by fraud in violation of section 893.13(3)(a)1., Florida Statutes. The court reasoned that this offense required an intent to possess a controlled substance and "is therefore, on its face, a violation of s. 893.13 relating to the purchase or possession of a controlled substance." Id. at 665.  Accord Dougherty v. State, 33 So. 3d 732, 734 (Fla. 5th DCA 2010) (reversing HFO sentence for conviction of acquiring a controlled substance by fraud because the statute defining that offense "clearly relates to

_____

[2]  This court affirmed HFO sentences imposed for convictions of possession of contraband in a state correctional facility in Cribbs v. State, 599 So. 2d 246 (Fla. 1st DCA 1992), and Leftwich v. State, 589 So. 2d 385 (Fla. 1st DCA 1991), but those cases did not address the specific issue raised by Hernandez.

3

possession of a controlled substance and is included within section 893.13").

Hughes is distinguishable. Unlike the defendant in Hughes, who had been convicted of violating a specific provision in section 893.13, Hernandez was convicted of violating a provision in chapter 944, Florida Statutes. The fact that the contraband possessed by Hernandez was a controlled substance is immaterial for purposes of the HFO statute because the statute does not prohibit HFO sentences for all crimes involving the possession of a controlled substance; rather, the statute only prohibits HFO sentences for crimes listed in section 893.13 that involve the purchase or possession of a controlled substance. See Baldwin v. State, 684 So. 2d 254 (Fla. 3d DCA 1996) (affirming HFO sentence for tampering with evidence conviction because, even though evidence tampered with was cocaine, defendant's conviction "is not under section 893.13, Florida Statutes, but instead is under the tampering statute, section 918.13, Florida Statutes").

Because Hernandez was not sentenced as an HFO for an offense listed in section 893.13, his sentence is not illegal and the trial court correctly denied his rule 3.800(a) motion. Accordingly, we affirm the order on appeal.

AFFIRMED.

4

LEWIS, C.J., and WOLF, J., CONCUR.