COHEN, J.
Chris Foster appeals his sentence, arguing that the trial court erred in sentencing him as 'a habitual felony offender on his conviction for attempted purchase of over twenty grams of marijuana while armed. We agree, and thus, reverse and remand for resentencing.
Foster pleaded nolo contendere to: (1) attempted trafficking in cocaine with a firearm; (2) attempted purchase of marijuana over twenty grams while armed; (3) possession of a firearm by a convicted felon; (4) resisting law enforcement without violence; and (5) possession of a firearm with an altered or removed serial number.[1] The State sought to classify Foster as a habitual felony offender.
On the attempted trafficking in cocaine with a firearm conviction, the trial court sentenced Foster to fifteen years in the Department of Corrections, with a ten-year minimum mandatory. The court also sentenced him — as a habitual offender — to ten years on the attempted purchase of marijuana while armed conviction.[2] Finally, the trial court sentenced him to ten *950 years on the possession of a firearm by a convicted felon conviction. All sentences were to run concurrently.[3]
On appeal, the only issue is whether the trial court improperly imposed a habitual offender designation for Foster’s conviction of attempted purchase of marijuana over twenty grams while armed. Because section 775.084(l)(a)3., Florida Statutes, prohibits habitualization for violations of section 893.13, Florida Statutes, relating to the purchase or possession of a controlled substance, the State properly concedes error. See Ellis v. State, 703 So.2d 1186, 1186 (Fla. 3d DCA 1997).
Accordingly, we reverse and remand for resentencing on the attempted purchase of over twenty grams of marijuana while armed charge.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
PALMER and EDWARDS, JJ., concur.

. The State filed a third amended information that outlined the charges above. The following day, however, the State filed a "Trial Information” that omitted the possession of a firearm by a convicted felon charge. Undoubtedly, the State intended to sever that charge. Nonetheless, because the State filed a superseding information that omitted a charge alleged in the previously filed information, that omitted charge was dropped. See State v. Anderson, 537 So.2d 1373, 1374 (Fla.1989) ("It is well settled that the filing of an amended information purporting to be a com-píete restatement of the charges supersedes and vitiates an earlier information.”). Although the appropriateness of pleading to a charge that had been dropped is debatable, this issue was not raised on appeal.

. But for the habitual offender designation, ' this offense was a third-degree felony punishable by up to five years in the Department of Corrections. See §§ 893.13(2)(a)2., 893.03(l)(c)7„ 775.087(l)(c), 777.04(4)(a), 775.082(3)(c), Fla. Stat. (2013).

. The court sentenced Foster to time served for the remaining charges.